UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| RENEGADE HOLDINGS, INC., et al. ) | Case Number 09-50140 |
| ) | Chapter 11 |
| Debtors. ) | Administratively Consolidated |
| _____ ) | |

**States' Motion for New Trial or to Alter or Amend the Order Confirming the Plan**

Pursuant to B. R. 9023 and Fed. R. Civ. P. 59(a), the States ask this Court to grant them a new trial with respect to confirmation of the Debtors' 2nd Amended Plan of Reorganization Dated October 1, 2009 ("Plan") or, in the alternative to, to alter or amend this Court's Order Confirming the Plan based on new evidence that was not previously available. In support of this Motion, the States provide a follows:

1. The Court entered its order confirming the Plan on April 23, 2010. Fourteen days from April 23, 2010 is May 7, 2010. This Motion is timely filed within the 14-day period provided under B.R. 9023 to request a new trial or to alter or amend the judgment.

2. On May 7, 2010, counsel for the States received for the first time a copy of the letter attached as Exhibit A. This letter is dated April 7, 2010. It is from William Lamar, Assistant United States Attorney, to John Northen, Debtors' counsel. It explains that Calvin Phelps, Renegade Holding, Renegade Tobacco and Alternative Brands (all of the Debtor companies) "are and have been under federal criminal investigation for unlawful trafficking in cigarettes and other related crimes." It further informs Mr. Northen that Mr. Phelps is represented by criminal counsel and that both he and the debtor companies could "face substantial fines and other penalties which could have an effect on the reorganization plan." It then concludes by stating that this information is being provided "so that it may be disclosed to

the Court or any parties to the action." This letter is also copied to Mike West, the bankruptcy administrator in this case, and Cheryl Sloan of the U.S. Attorney's Office in the Middle District of North Carolina. It does not appear that any of these parties ever disclosed this highly relevant information to this Court—nor to the States—even though they have know about it for the past four weeks and could have done so well before this Court issued its Memorandum Opinion and Order confirming the Plan.

3. Clearly, this information is material to these bankruptcy cases and highly significant and prejudicial to confirmation of the Debtors' Plan.

4. Based on the information in AUSA Lamar's Letter, it appears that Mr. Phelps has known for some time, and certainly since well before the confirmation hearing, that he and the Debtor companies were the targets of a federal criminal investigation and that their conduct under investigation related to alleged violations of federal and state laws governing the sale of the Debtors' tobacco products. This information is material to this bankruptcy case and, as set forth below, highly significant to confirmation of the Debtors' Plan and should have been disclosed at the earliest time known to Mr. Phelps. Such information raises significant doubts about the Debtors' ability to reorganize at all, let alone under the terms of their proposed Plan. The discovery of this criminal investigation provides grounds to vacate the order granting confirmation of the Debtors' proposed plan and require submission of a new disclosure statement and resolicitation for a plan after all parties have had a chance to fully evaluate the effect of the criminal case on the Debtors' future operations.

5. The criminal investigation and its underlying conduct is highly relevant to these bankruptcy cases in, at least, the follow ways:

    a. As stated in the letter, the alleged criminal conduct will likely give rise to substantial claims against the estate. Those could be for unpaid FET, SET, TBO,

and/or State Escrow—all of which would be owed for unreported sales; thus, substantially increasing the size of payments to be made under the Plan, which is only marginally feasible at best under the current debt load.

    b. If the Debtors intentionally omitted the above claims and/or investigation from their bankruptcy schedules or other sworn documents filed with this Court, this may constitute perjury and/or violations of the bankruptcy fraud provisions of 18 U.S.C. §152 or §157.

    c. The possibility that a criminal judgment will be entered against Alternative Brands, Inc., ("ABI") and/or Mr. Phelps puts in jeopardy ABI's federal Tobacco Manufacturer's Permit, without which it is prohibited from making tobacco products, and Renegade Tobacco Company's distributor's license, without which it cannot lawfully distribute tobacco products.

    d. It puts in jeopardy all assets of the Debtor companies to the extent that such assets are subject to civil or criminal forfeiture.

    e. It puts in jeopardy ABI's eligibility to remain on the North Carolina's approved manufacturers' directory and the tobacco manufacturer directories of other States.

6. At a minimum, Mr. Phelps should have disclosed, at the earliest time known to him, the fact that he and his tobacco companies were the targets of a federal criminal investigation for crimes related to the sale of tobacco products. Such information fundamentally changes the nature of this bankruptcy case.

7. At this point, the States and all creditors need to know at least the following:

- Is the alleged criminal conduct on-going?

- Did any of the alleged criminal conduct occur during this bankruptcy case? If not, when did it end?

- In addition to Mr. Phelps, are any other current employees of the Debtors targets of this investigation?

- If the alleged criminal conduct is proven (either through a plea agreement or at trial), what is the estimated dollar amount of debts for which the Debtor entities will be liable?

- Does Mr. Phelps intend to enter into a plea agreement with the United States?

- Are the Debtor companies represented by criminal defense counsel? Is this counsel separate from Mr. Phelps' criminal defense counsel?

- What is the volume of tobacco products alleged to have been sold unlawfully by Mr. Phelps?

- How does this information affect the viability of the Debtors' plan, including questions such as: Are the Debtor companies profitable without the allegedly unlawful sales of their tobacco products? How will the addition of the debts listed above affect the feasibility of the Plan? Etc.?

WHEREFORE, for the reasons stated above, the States ask this Court to grant their Motion requesting a new trial with respect to confirmation of the Plan, or, in the alternative, altering or amending the order confirming the Plan.

Respectfully Submitted,

NATIONAL ASSOCIATION OF ATTORNEYS GENERAL

/s/ Patricia Molteni
Patricia Molteni (DC Bar No. 980878)
Karen Cordry (DC Bar No. 278051)

2030 M Street NW., 8th Floor
Washington, D.C. 20036
Tel: 202.326.6251 (Molteni)
Tel: 202.326.6025 (Cordry)
Fax: 202-521-4052
pmolteni@naag.org
kcordry@naag.org

NICHOLLS & CRAMPTON, P.A.

/s/ Gregory B. Crampton
Gregory B. Crampton (NC bar no. 991)

P.O. Box 18237
Raleigh, NC 27619
919-781-1311

**Attorneys for the States**

# CERTIFICATE OF SERVICE

I hereby certify that I have served on May 7, 2010, a copy of the foregoing document by automatic electronic service on the following entities:

**Renegade Holdings, Inc,**
**Renegade Tobacco Company**
**Alternative Brands, Inc., Debtors and**
**Appellees**
John A. Northen, Esq.
Northen Blue, LLP
P. O. Box 2208
Chapel Hill, NC 27515-2208
(919) 968-4441

**The States, Appellants**
Gregory B. Crampton, Esq.
Nichols & Crampton, PA
P.O. Box 18237
Raleigh, NC 27619
(919) 781-1311

**The States, Appellants**
Patricia Molteni, Esq.
Karen Cordry, Esq.
National Association of Attorneys General
2030 M Street NW, 8th floor
Washington, DC 20036
202-326-6025

**Alliance One International, Inc.**
Lisa P. Sumner, Esq.
Poyner & Spruill, LLP
P. O. Box 1801
Raleigh, NC 27602-1801
919-783-2869

**Bank of the Carolinas**
Paul A. Fanning, Esq.
Ward and Smith, PA
PO Box 8088
Greenville, NC 27835-8088
(252)215-4000

**Carolina Bank**
Stuart C. Gauffreau
Hagan, Davis, Mangum, et al, PLLC
P.O. Box 3463
Greensboro, NC 27401
336-232-0650

**GE Fleet Services**
Rebecca A. Leigh, Esq.
301 S. Greene St., Suite 201
Greensboro, NC 27401
(336) 389-1800

**Hauni Richmond, Inc**
Kenneth M. Greene, Esq.
Carruthers & Roth, PA
P. O. Box 540
Greensboro, NC 27402-0540
(336) 379-8651

**North Carolina Department of Justice**
Richard L. Harrison, Esq.
Melissa Trippe, Esq.,
N.C. Department of Justice

5

P.O. Box 629
Raleigh, NC 27602
919-716-6900

**Bankruptcy Examiner**
Gene B. Tarr, Esq.
P. O. Drawer 25008
Winston-Salem, NC 27114-5008
(336) 761-1250

**Tennessee Department of Revenue**
Gina Baker Hantel, Esq.
P.O. Box 20207
Nashville, TN 37027
615-532-8928

**Calvin Phelps**
R. Bradford Leggett, Esq.
Allman Spry Leggett & Crumpler, PA
P.O. Drawer 5129
Winston-Salem, NC 27113-5129

**Bankruptcy Administrator**
Michael D. West, Esq.
P.O. Box 1828
Greensboro, NC 27402

Angela R. Collins
Riezman Berger, PC
7700 Bonhomme, 7th floor
St. Louis, MO 63105

Respectfully Submitted,

NATIONAL ASSOCIATION OF ATTORNEYS GENERAL

/s/ Patricia Molteni
Patricia Molteni (DC Bar No. 980878)
Karen Cordry (DC Bar No. 278051)

2030 M Street NW., 8th Floor
Washington, D.C. 20036
Tel: 202.326.6251 (Molteni)
Tel: 202.326.6025 (Cordry)
Fax: 202-521-4052
pmolteni@naag.org
kcordry@naag.org

**Attorneys for the States**