UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| IN THE MATTER OF: | Case No. 09-50140 |
| --- | --- |
| Renegade Holdings, Inc., et al | Chapter 11 |
| Debtors | Consolidated for Administration |
| Motion For Protective Order | |

Now come Renegade Holdings, Inc., Alternative Brands, Inc. and Renegade Tobacco Co. (collectively, the "Debtors"), and move the Court for a protective order pursuant to Bankruptcy Rule 7026, as follows:

1     On April 23, 2010, this Court entered the Order Confirming Amended Joint Plan of Reorganization Dated October 1, 2009 (Docket #471, the "Confirmation Order").

2     On May 7, 2010, the States filed the States' Motion For New Trial Or To Alter Or Amend The Order Confirming The Plan (Docket #480, the "Rule 59 Motion").

3     On May 14, 2010, the States filed the Stay Motion, asking that the Confirmation Order be stayed pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rule 9006, until 14 days after the Court rules on the Rule 59 Motion. After a hearing on the merits, the Stay Motion was denied by the Court.

4     The Rule 59 Motion was initially set to be heard on June 8, 2010, but due to an existing conflict counsel for the Debtors requested that the hearing be delayed for a brief period of time and the Rule 59 Motion was re-scheduled for hearing on June 15, 2010. Counsel for the States then requested that the hearing on the Rule 59 Motion be delayed, due to the inability of Mr. Bullwinkle to appear and testify on that date. The Court notified counsel that the matter would be heard on June 22, counsel for the States objected and again requested a delay in the hearing, and after notice and telephonic hearing the Court overruled the States' objection and scheduled the motion for hearing on June 22, 2010.

For Trial Deposition Of Special Agent Bullwinkle

5     On Saturday, June 14, 2010, counsel for the States advised other counsel by email (Exhibit A) that the FBI had preliminarily agreed to produce Special Agent Bullwinkle for deposition at the U.S. Attorneys' office in Oxford, Mississippi on Monday, June 21, 2010 at 9:00

Protective order motion 2010.06.15     1

a.m., and that the States intended to have the deposition videotaped and used in court in lieu of live testimony. No information or other representation was given as to why Special Agent Bullwinkle would not be able to attend the hearing and testify on June 22, 2010.

6      By email sent on Tuesday, June 15, 2010 (Exhibit B), counsel for the Debtors objected to the deposition on short notice, as the suggested date and location would consume the entire day preceding the hearing and impair the Debtors' ability to prepare for the hearing the following day. As an alternative, the Debtors offered to participate in the deposition in Oxford, Mississippi if it could be scheduled for this Friday, June 18.

7      In response, by emails sent on Tuesday, June 15, 2010 (Exhibits C and D), counsel for the States responded that the deposition would not be rescheduled and would instead be held as originally proposed on Monday, June 21, 2010 at 9:00 a.m. in Oxford, Mississippi.

8      Bankruptcy Rule 7032, incorporating Rule 32 F.R.Civ.P., provides in Rule 32(a)(5)(A) that a deposition must not be used against a party who, having received less than 14 days' notice of the deposition, promptly moved for a protective order under Rule 26(c)(1)(B) requesting that it not be taken or be taken at a different time or place, and this motion was still pending when the deposition was taken.

Request For Production Of Documents

9      In addition to the proposed deposition on short notice, counsel for the States sent the Debtors by email on Sunday, June 13, 2010 (Exhibit E), a request for production of documents and demanded the provision of the responsive documents by no later than 3:00 p.m. on Friday, June 18, 2010.

10      Bankruptcy Rule 7034, incorporation Rule 34 F.R.Civ.P., provides in Rule 34(b) that the party to whom the request is directed must respond in writing within 30 days after being served, unless otherwise stipulated or ordered by the Court. The Debtors have not agreed to respond on an expedited basis, nor has any party requested the Court to so order.

Request For Protective Order

11      Counsel for the Debtors has in good faith conferred and attempted to resolve the dispute without court action.

12      The Debtors seek the entry of a protective order pursuant to Bankruptcy Rule 7026, in which the Court directs (i) that the deposition of Special Agent Bullwinkle (i) be conducted, if at all, on either Friday, June 18, 2010 commencing at 10:00 a.m. in Oxford, Mississippi, or

Monday, June 21, 2010 at a location within the Middle District of North Carolina, or in the alternative, (ii) that the deposition of Special Agent Bullwinkle not be used at the hearing on the Rule 59 Motion or for any other purpose in these proceedings or on appeal of the Confirmation Order.

13  The Debtors also seek the entry of a protective order pursuant to Bankruptcy Rule 7026, in which the Court directs that the Debtors' response to the request for production of documents be made in accordance with the time periods set forth in Bankruptcy Rule 7034.

Wherefore, the Debtors request that the Court enter a protective order as set forth above, and for such other relief as the Court may deem necessary and proper.

RESPECTFULLY submitted on behalf of the Debtors, this the 15th day of June, 2010.

/s/ John A. Northen

**Counsel for the Debtors:**
John A. Northen, NCSB #6789
jan@nbfirm.com
Vicki L. Parrott, NCSB #25762
vlp@nbfirm.com
Stephanie Osborne-Rodgers, NCSB #29374
sor@nbfirm.com
Northen Blue, LLP
Post Office Box 2208
Chapel Hill, NC 27515-2208
Telephone: 919-968-4441

Protective order motion 2010.06.15                                                                                           3

Case 09-50140    Doc 539    Filed 06/15/10    Page 3 of 14

# John Northen

**From:** Molteni, Patricia [PMolteni@NAAG.ORG]
**Sent:** Saturday, June 12, 2010 4:03 PM
**To:** John Northen; Robyn_Whitman@ncmba.uscourts.gov; paf@wardandsmith.com; Walter C. Holton, Jr
**Cc:** Cordry, Karen; Harrison, Richard; Crampton Greg
**Subject:** Possible Deposition of Special Agent Bullwinkel in Oxford, Mississippi on June 21, 2010 at 9:00 am (central time)

Counsel,

I have been notified that the FBI has **preliminarily** agreed to produce Special Agent Bullwinkel for deposition at the U.S. Attorneys' Office in Oxford Mississippi on June 21, 2010 at 9:00 am. My understanding is that this decision still requires final approval and therefore could change, but given the short notice, I wanted to let all of you know as soon as possible even though there remains some risk that this could change.

Assuming final approval occurs, I intend to have this deposition video taped and to play it in court in lieu of Agent Bullwinkel's live testimony. Therefore, if you want to have the opportunity to ask the agent questions, you must do so at this deposition. Please let me know if intend to do so.

Thank you.


**Patricia Molteni**
**Counsel - Tobacco Division**
**National Association of Attorneys General**
**202-326-6251**
pmolteni@naag.org
2030 M. Street, N.W.
Washington DC  20036



EXHIBIT
A

1

Case 09-50140    Doc 539    Filed 06/15/10    Page 4 of 14

# John Northen

| | |
|---|---|
| **From:** | John Northen |
| **Sent:** | Tuesday, June 15, 2010 11:43 AM |
| **To:** | 'Molteni, Patricia'; Robyn_Whitman@ncmba.uscourts.gov; paf@wardandsmith.com; Walter C. Holton, Jr |
| **Cc:** | Cordry, Karen; Harrison, Richard; Crampton Greg |
| **Subject:** | RE: Possible Deposition of Special Agent Bullwinkel in Oxford, Mississippi on June 21, 2010 at 9:00 am (central time) |
| **Attachments:** | John Northen.vcf; image001.jpg |
| **Importance:** | High |

Patricia:

In response to your email sent Saturday afternoon, I object to the scheduling of a for-trial video deposition on Monday, June 21. This would require me to fly to Memphis, rent and drive a car to Oxford, and return that evening, effectively eliminating my ability to prepare adequately for the hearing on Tuesday, June 22.

If you can confirm that Mr. Bullwinkle will appear and testify at your deposition, and you can arrange this for Friday, June 18, beginning at or after 10:00am, I can fly that morning, arrive in time to participate and return that evening. However, I do not intend to make travel arrangements until you can confirm that the deposition will proceed, and I need at least some advance notice to that effect. Please advise.

**John Northen**
Northen Blue, LLP

(919) 968-4441 Work
(919) 880-5617 Mobile
jan@nbfirm.com
P.O. Box 2208
1414 Raleigh Rd., Ste 435 (27517-8834)
Chapel Hill, NC 27515-2208

**From:** Molteni, Patricia [mailto:PMolteni@NAAG.ORG]
**Sent:** Saturday, June 12, 2010 4:03 PM
**To:** John Northen; Robyn_Whitman@ncmba.uscourts.gov; paf@wardandsmith.com; Walter C. Holton, Jr
**Cc:** Cordry, Karen; Harrison, Richard; Crampton Greg
**Subject:** Possible Deposition of Special Agent Bullwinkel in Oxford, Mississippi on June 21, 2010 at 9:00 am (central time)

Counsel,

I have been notified that the FBI has **preliminarily** agreed to produce Special Agent Bullwinkel for deposition at the U.S. Attorneys' Office in Oxford Mississippi on June 21, 2010 at 9:00 am. My understanding is that this decision still requires final approval and therefore could change, but given the short notice, I wanted to let all of you know as soon as possible even though there remains some risk that this could change.

Assuming final approval occurs, I intend to have this deposition video taped and to play it in court in lieu of Agent Bullwinkel's live testimony. Therefore, if you want to have the opportunity to ask the agent questions, you must do so at this deposition. Please let me know if intend to do so.

Thank you.

**Patricia Molteni**
**Counsel - Tobacco Division**

1


EXHIBIT
B

# John Northen

**From:** Molteni, Patricia [PMolteni@NAAG.ORG]
**Sent:** Tuesday, June 15, 2010 12:10 PM
**To:** John Northen; Robyn_Whitman@ncmba.uscourts.gov; paf@wardandsmith.com; Walter C. Holton, Jr
**Cc:** Cordry, Karen; Harrison, Richard; Crampton Greg
**Subject:** RE: Possible Deposition of Special Agent Bullwinkel in Oxford, Mississippi on June 21, 2010 at 9:00 am (central time)
**Attachments:** image001.jpg

John,

I received confirmation late Monday afternoon that this deposition has been approved. I will ask the FBI if the deposition can be scheduled any earlier, but my understanding is that counsel representing Agent Bullwinkel in the deposition is out of town all week and therefore the only day that both he and Agent Bullwinkle were available prior to the hearing was June 21st. I am equally prejudiced by these logistical difficulties and would have preferred a more convenient schedule, but I cannot dictate the availability of the FBI's witness nor can I dictate to the court when it should schedule the hearing.

If you would like, I can make arrangements for you, or any other counsel, to appear at the deposition by phone. This would enable you to hear the deposition and to ask questions.

**Patricia Molteni**
**Counsel - Tobacco Division**
**National Association of Attorneys General**
202-326-6251
pmolteni@naag.org
2030 M. Street, N.W.
Washington DC 20036

---

**From:** John Northen [mailto:jan@nbfirm.com]
**Sent:** Tuesday, June 15, 2010 11:43 AM
**To:** Molteni, Patricia; Robyn_Whitman@ncmba.uscourts.gov; paf@wardandsmith.com; Walter C. Holton, Jr
**Cc:** Cordry, Karen; Harrison, Richard; Crampton Greg
**Subject:** RE: Possible Deposition of Special Agent Bullwinkel in Oxford, Mississippi on June 21, 2010 at 9:00 am (central time)
**Importance:** High

Patricia:
In response to your email sent Saturday afternoon, I object to the scheduling of a for-trial video deposition on Monday, June 21. This would require me to fly to Memphis, rent and drive a car to Oxford, and return that evening, effectively eliminating my ability to prepare adequately for the hearing on Tuesday, June 22.

If you can confirm that Mr. Bullwinkle will appear and testify at your deposition, and you can arrange this for Friday, June 18, beginning at or after 10:00am, I can fly that morning, arrive in time to participate and return that evening. However, I do not intend to make travel arrangements until you can confirm that the deposition will proceed, and I need at least some advance notice to that effect. Please advise.

1



Case 09-50140    Doc 539    Filed 06/15/10    Page 6 of 14

# John Northen

| | |
|---|---|
| **From:** | Molteni, Patricia [PMolteni@NAAG.ORG] |
| **Sent:** | Tuesday, June 15, 2010 1:58 PM |
| **To:** | Walter C. Holton, Jr; John Northen; Robyn_Whitman@ncmba.uscourts.gov; paf@wardandsmith.com |
| **Cc:** | Cordry, Karen; Harrison, Richard; Crampton Greg |
| **Subject:** | RE: Possible Deposition of Special Agent Bullwinkel in Oxford, Mississippi on June 21, 2010 at 9:00 am (central time) |
| **Attachments:** | image001.jpg |

Counsel,

I have just spoken with the attorney who will be representing agent Bullwinkel at the deposition and he is not available any sooner than June 21st. He is in Portland, Oregon all week and will not return to MS until very late on Friday.

So I intend to go forward with the deposition on June 21st at 9:00 am (central time) and will make arrangements for Robyn, Mr. Holton, and any other counsel who wish, to appear by telephone.

The scope of this examination will be limited to the information that I requested the FBI to provide me about this case. I made this request for information pursuant to the Department of Justice regulations 28 CFR 16.21 et seq., which govern the disclosure of material or information by the Department Justice for use in federal or state proceedings. This was the purpose of my May 18, 2010 letter to Mr. Lamar. It is my understanding that the following topics have been approved for questioning:

1. A description of how Calvin Phelps and the debtor companies unlawfully sold cigarettes, including the time period when this occurred, the volume of illegally sold cartons, the states in which the cartons were unlawfully sold, and the resulting FET, SET, TBO and state escrow that was owed but not paid on these illegally sold cigarettes.

2. When Mr. Phelps was made aware of the federal investigation, including how this occurred and what information he was given and any later meetings at which he was given additional information about the investigation against him.

3. When federal authorities first became aware that Mr. Phelps had retained criminal counsel to defend himself against the investigation.

4. The current procedural status of the federal case against Mr. Phelps and his companies, i.e, whether federal authorities intend to drop their case against him and his companies.

**Patricia Molteni**
**Counsel - Tobacco Division**
**National Association of Attorneys General**
202-326-6251
pmolteni@naag.org
2030 M. Street, N.W.
Washington DC  20036

---

**From:** Walter C. Holton, Jr [mailto:wholton@walterholton.com]
**Sent:** Tuesday, June 15, 2010 12:11 PM
**To:** Molteni, Patricia; 'John Northen'; Robyn_Whitman@ncmba.uscourts.gov; paf@wardandsmith.com
**Cc:** Cordry, Karen; 'Harrison, Richard'; 'Crampton Greg'

EXHIBIT D

1

Case 09-50140    Doc 539    Filed 06/15/10    Page 7 of 14

## John Northen

| | |
|---|---|
| **From:** | Molteni, Patricia [PMolteni@NAAG.ORG] |
| **Sent:** | Sunday, June 13, 2010 6:30 PM |
| **To:** | John Northen |
| **Cc:** | Cordry, Karen; Harrison, Richard; Crampton Greg |
| **Subject:** | ABI Bankruptcy |
| **Attachments:** | 6-13-2010 document requests to the debtors.pdf |

John,

Attached is a request for production of documents related to the States' motion for new trial. It requests very few documents. This coupled with the fact that the Debtors want to have the new trial hearing as soon as possible requires an abbreviated response time. I ask that the debtors agree to provide me with responsive documents delivered to my office by no later than **3:00pm on Friday, June 18, 2010**. Please let me know if the Debtors will agree to this.

Also, I intend to call Mr. Mebane as a witness at the June 22nd hearing. Please let me know if you will accept service of his subpoena by e-mail or if I will need to have him formally served.

Thank you.


**Patricia Molteni**
**Counsel - Tobacco Division**
**National Association of Attorneys General**
202-326-6251
pmolteni@naag.org
2030 M. Street, N.W.
Washington DC 20036

1


EXHIBIT E

# REQUESTS FOR PRODUCTION OF DOCUMENTS

## Definitions

A. DEBTORS or DEBTOR means, collectively or individually, as appropriate in the context, Renegade Holdings, Inc., ("RHI"), Alternative Brands, Inc., ("ABI"), and Renegade Tobacco Company ("RTC"), and any of their officers, directors, agents, employees, attorneys, affiliates, subsidiaries, or other persons acting on their behalf.

B. DOCUMENT is used in the broadest sense possible and includes, without limitation, the following items, whether printed, recorded or reproduced by any other mechanical process or written or produced by hand: papers; books; letters; tangible things; records; correspondence; e-mails; electronic COMMUNICATIONS; postings on the Internet; facsimiles; telegrams; cables; telex messages; memoranda; diaries; reports; notes; notations; work papers; summaries; transcripts; records of conversations, interviews, meetings, telephone conversations or conferences; minutes of any COMMUNICATIONS; audio or videotapes; cassettes or disks; statistical statements; graphs; charts; accounts; analytical records; reports or summaries of investigations; computerized records; affidavits; statements; opinions; studies; analyses; appraisals; estimates; projections; illustrations; tables; maps; schedules; worksheets; proposals; contracts; agreements; desk or other calendars; appointment books; lists; tabulations; business records; financial records (including records of billings for telephone calls, facsimiles or other DOCUMENTS OR COMMUNICATIONS); books of account; ledgers; journals; balance sheets; financial statements; accountant's statements; bank statements; drafts; negotiable instruments; checks; receipts; invoices; purchase orders; bills; microfilms; photographs or negatives thereof; and any writings as defined by Rule 1001 of the Federal Rules of Evidence. The word DOCUMENT or DOCUMENTS also includes both originals and copies containing or having attached to them any alterations, notes, comments or other material not appearing on the original or any other copies not containing such material, and shall include drafts, revisions of drafts and other preliminary material, from whatever source, underlying, supporting or used in preparation of any DOCUMENT. The words DOCUMENT or DOCUMENTS further include any file or other container holding, or which at any time held, any DOCUMENT as well as any writing or other COMMUNICATION, which appears or appeared on, or affixed to, such file or other container. The words DOCUMENT or DOCUMENTS further includes any headers, cover sheets, or other information indicating all ENTITIES to which the DOCUMENT or DOCUMENTS were addressed or who received or were shown the DOCUMENT or DOCUMENTS. Finally, the words DOCUMENT or DOCUMENTS include any "electronically stored information" ("ESI") within the meaning of Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure) falling under these requests or relating to any DOCUMENT or DOCUMENTS to be produced.

C. ENTITY means individuals, corporations, partnerships, unincorporated associations, limited liability companies, limited liability partnerships, trusts, firms, cooperatives, fictitious business names, nonprofit organizations, sole proprietorships, any

1

form of business enterprise, governmental entity, and their agents, representatives, and employees.

D. INSIDER shall have the meaning ascribed to it in Section 101(31) of the Bankruptcy Code and shall, in any event, include PHELPS, any relative of PHELPS, all VARIABLE INTEREST ENTITIES, and all ENTITIES listed in response to question 3c. on each of the DEBTORS' Statement of Financial Affairs.

E. NON-TOBACCO PRODUCT(S) means, individually or collectively, any product or service, other than TOBACCO PRODUCTS, sold by the DEBTORS or their VARIABLE INTEREST ENTITIES including without limitation, herbal cigarettes, filters, equipment, raw materials, equipment repair services, management services, any fixed asset and the like.

F. TOBACCO PRODUCT(S) means, individually or collectively, cigarettes, roll-your-own ("RYO"), cigars, little cigars, pipe tobacco, and any other product containing tobacco.

G. VARIABLE INTEREST ENTITIES means individually and collectively all of the following companies: PTM Technologies, Inc.; Dogwood Winery & Vineyards, Inc.; Chinqua-Penn Events, LLC; Chinqua-Penn Plantation, LLC; CLC Properties, LLC; Compliant Tobacco, LLC; House of Windsor, LLC; North West Holdings, LLC; Blue Ridge Airlines, LLC; Clear Jet International, LLC; Wolf Brothers Management, LLC; Windy City Tobacco, LLC; and Cutting Edge Enterprises, Inc.

## Instructions

I. For each request provide all DOCUMENTS in your possession, custody, or control. A DOCUMENT is deemed to be in your possession, custody, or control: (1) if it is in your physical custody, or (2) if it is in the physical custody of any other ENTITY, and you (a) own such ENTITY in whole or in part, or (b) have a right by contract, statute or otherwise to use, inspect, examine or copy such DOCUMENT on any terms, or (c) have an understanding, express or implied with that ENTITY, that you may use, inspect, examine or copy such DOCUMENT on any terms; or (d) have, as a practical matter, been able to use, inspect, examine or copy such DOCUMENT when you sought to do so. Such DOCUMENTS shall include, without limitation, DOCUMENTS that are in the custody of your attorney(s) or other agents.

II. Produce all DOCUMENTS that are clipped, stapled or otherwise attached to any requested document. **When possible, produce spreadsheet-type DOCUMENTS electronically in Excel format.**

**III. Bate stamp all DOCUMENTS and specify by bate stamp number which DOCUMENTS respond to each numbered request.**

2

IV. If you contend that any DOCUMENTS are subject to attorney-client or some other privilege, please state as to each DOCUMENT the following information:

    (a) the privilege claimed;
    (b) the basis of the privilege claimed;
    (c) the nature of the DOCUMENT, e.g., letter, memorandum, photograph, etc.;
    (d) the date of the DOCUMENT;
    (e) the identity of the ENTITY sending the DOCUMENT;
    (f) the identity of each ENTITY to whom the DOCUMENT was sent and/or who are shown on the DOCUMENT as receiving copies (including blind copies);
    (g) a statement of the subject matter of the DOCUMENT; and
    (h) a precise statement of where the DOCUMENT is presently kept.

V. The words "and," "or," and "and/or" are interchangeable and shall be construed either disjunctively or conjunctively or both, as broadly as necessary to bring within the scope of these Interrogatories those responses that might otherwise be construed to be outside the scope.

VI. With respect to any DOCUMENT that you produce in printed form that has ESI related thereto, you need not produce the ESI at this time, but you must maintain it and be prepared to produce such ESI at a reasonable time and place for inspection upon request.

## Documents Requested

1. Provide a copy of the search warrant served on the Debtors and referred to by Mr. Michael Mebane in his deposition on June 9, 2010.

2. Provide a copy of the seizure warrant used to seize the Eclipse 500LX plane referred to in Mr. Mebane's deposition on June 9, 2010.

3. Provide a copy of all records showing the date when the Eclipse plane was seized, where it was seized, by whom it was seized, why it was seized, when it was returned, by whom it was returned, where it was returned, and why it was returned.

4. Provide a copy of all records showing any communication from or to the Debtors, Insiders, and/or the Variable Interest Entities about the seizure of the Eclipse plan, the criminal cases filed against the Debtors' two customers, Jerry Burke and Randy Benham, and/or the federal criminal investigation referenced in AUSA Lamar's April 7, 2010 letter to Debtors' counsel. Please include any communications made by or to the Bankruptcy Administrator's Office, Insiders, Variable Interest Entities, Calvin Phelps, and/or anyone else.

3

NATIONAL ASSOCIATION OF
ATTORNEYS GENERAL

*Patricia Molteni* (signature)

Patricia Molteni (DC Bar No. 980878)
Karen Cordry (DC Bar No. 278051)

2030 M Street NW., 8th Floor
Washington, D.C. 20036
Tel: 202.326.6251 (Molteni)
Tel: 202.326.6025 (Cordry)
Fax: 202-521-4052
pmolteni@naag.org
kcordry@naag.org

NICHOLLS & CRAMPTON, P.A.

/s/ Gregory B. Crampton
Gregory B. Crampton (NC bar no. 991)
P.O. Box 18237
Raleigh, NC 27619
919-781-1311

**Attorneys for the States**

4

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| IN THE MATTER OF:<br><br>Renegade Holdings, Inc., et. al<br><br>Debtors | Case No. 09-50140<br>Chapter 11<br>Consolidated for Administration |
|---|---|
| **CERTIFICATE OF SERVICE** ||

I hereby certify that I have this day served a copy of the foregoing by
1.     automatic electronic service:

| | |
|---|---|
| Michael D. West<br>Robyn D. Whitman<br>Bankruptcy Administrator<br>PO Box 1828<br>Greensboro, NC 27402 | Angela R. Collins<br>Riezman Berger, PC<br>7700 Bonhomme, 7th Floor<br>St Louis, MO 63105 |
| Karen Cordry<br>Patricia A. Molteni<br>National Association of Attorneys General<br>2030 M Street NW, 8th Floor<br>Washington, DC 20036 | Gregory B. Crampton<br>Nicholls & Crampton, PA<br>o/b/o National Assoc of Attorneys General<br>P O Box 18237<br>Raleigh, NC 27619 |
| Paul A. Fanning<br>Ward and Smith, PA<br>o/b/o Bank of the Carolinas<br>P O Box 8088<br>Greenville, NC 27835-8088 | Stuart C. Gaffreau, Esq.<br>Hagan Davis Mangum<br>Obo Carolina Bank<br>300 North Greene Street, Suite 200<br>Greensboro, NC 27401 |
| Kenneth M. Greene<br>Carruthers & Roth, PA<br>Obo Hauni Richmond, Inc.<br>235 N. Edgeworth Street<br>Greensboro, NC 27401 | Gina Baker Hantel<br>Obo Tennessee Dept of Revenue<br>agbankcal@ag.tn.gov |
| Richard L. Harrison<br>Melissa L. Trippe<br>North Carolina Department of Justice<br>Post Office Box 629<br>Raleigh, NC 27602 | Jennifer Rouse Leahy<br>Obo Lighthouse Brands, LLC<br>jleahy@mcguirewoods.com |
| R. Bradford Leggett<br>Allman Spry Leggett & Crumpler, PA<br>P O Drawer 5129<br>Winston-Salem, NC 27113-5129 | Rebecca A. Leigh<br>Suite 201<br>301 S. Greene St.<br>Greensboro, NC 27401 |

Protective order motion 2010.06.15

4

| | |
|---|---|
| Lisa P. Sumner<br>Poyner & Spruill, LLP<br>o/b/o Alliance One International, Inc.<br>P O Box 1801<br>Raleigh, NC 27602 | |

This the 15th day of June, 2010.

/s/ John A. Northen

**Counsel for the Debtors:**
John A. Northen, NCSB #6789
Northen Blue, LLP
Post Office Box 2208
Chapel Hill, NC 27515-2208
Telephone: 919-968-4441