UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| In Re: | ) |
| | ) |
| RENEGADE HOLDINGS, INC., et al. | ) Case Number 09-50140 |
| | ) Chapter 11 |
| Debtors. | ) Administratively Consolidated |
| | ) |

**States' Objection to the Debtors' Motion for a Protective Order**

The States ask this Court to deny Debtors' request for a protective order for the following reasons:

1. On June 14, 2010, the Debtors filed a Motion for Protective Order asking this Court to: (a) compel the Federal Bureau of Investigation to make Special Agent Bullwinkel available for deposition on Friday, June 18, 2010 in Oxford, Mississippi, or for deposition on June 21, 2010 in a location in the Middle District of North Carolina, or to bar the use of Special Agent Bullwinkel's deposition testimony in this case; and (2) to permit the debtors to respond to the States' Request for Production of Documents well after the June 22nd hearing date on the States Motion for New Trial, rather than before that hearing date.

2. When this Court reset the States' Motion for New Trial for hearing on June 22, 2010, counsel for the States immediately informed the Federal Bureau of Investigation ("FBI") of this new hearing date and repeated her request (a) that they provide her with responses to questions asked in her May 18, 2010, letter to AUSA Chad Lamar about its criminal investigation of Calvin Phelps and the Debtor companies and (b) provide her with testimony from Special Agent Bullwinkel about these matters in sufficient time to meet the hearing date set by this Court. The States made these requests pursuant to the Department of Justice regulations 28 CFR 16.21 et seq., which govern the disclosure of material or information by the Department of Justice for use in federal or state proceedings.

3. Late on Friday, June 11, 2010, counsel for the States learned that the FBI had preliminarily agreed to produce Special Agent Bullwinkel for deposition in Oxford, Mississippi on June 21, 2010 at 9:00 am., but that final approval for this deposition still need to be obtained. On Saturday, June 12, 2010, counsel for the States notified all of the relevant counsel in this case of this development. Late on Monday, June 13th, counsel for the States learned that the FBI had given final approval for the deposition, which information the States provided to counsel in this case on Tuesday, June 14th.

4. Debtors' counsel objects to the short notice of this deposition date (9 days notice rather than the 14 days notice provided for in Rule 32 F.R.Civ.P.) and asserts that taking Special Agent Bullwinkels' deposition on June 21st in Mississippi "would consume the entire day preceding the hearing and impair the Debtors' ability to prepare for the hearing the following day" and suggests having the deposition on Friday June 18th instead.

5. As an initial matter, whatever impairment this schedule causes Debtors' counsel, it is even greater for the States' counsel who must make all of the arrangements for this deposition, prepare to present this testimony the following day in court, and carry the burden of proof at the June 22nd hearing. Moreover, this compressed schedule is the direct result of the Debtors' objection to the States' request to reschedule this hearing no sooner than June 29th. Having asked this Court to set this matter quickly for hearing, the Debtors cannot now complain that they have insufficient time to prepare for the hearing.

6. Nevertheless, counsel for the States has asked the FBI if it would be possible to take the deposition on June 18th and was told by Mr. Norman Comeaux, Chief Division Counsel for the Jackson, Mississippi Division of the FBI that it is not possible due to a scheduling conflict with his schedule. Mr. Comeaux stated that he would be representing Agent Bullwinkel at the deposition and

2

Case 09-50140    Doc 541    Filed 06/16/10    Page 2 of 6

that he (Mr. Comeaux) was in Portland, Oregon during this week (June 14 – 18) and would not be returning to Mississippi until late on Friday June 18th.

7. Counsel for the States has suggested that Debtors' counsel appear by phone at the June 21st deposition and has offered to set this up. Counsel for the Bankruptcy Administrator's Office and Mr. Phelps' criminal defense counsel, Walter Holton, have already asked to appear by phone. The States have agreed to this and will make the necessary arrangements to accomplish this.

8. The FBI is not a party to these bankruptcy cases, and its agent is located more than 100 miles from the Middle District of North Carolina. In addition, the FBI will not provide any information about this investigation unless it has done so in compliance with Department of Justice regulations. Accordingly, the States cannot dictate the terms on which the FBI produces its agent for testimony or even compel it to provide testimony in the first place.

9. States have made every effort to obtain and prepare as quickly as possible the evidence needed to properly inform this Court on the matters at issue in their New Trial Motion according to the expedited hearing schedule requested by the Debtors.

10. With respect to the States' Request for Production of Documents, the States ask this Court to require the Debtors to produce these documents to the counsel for the States by 3:00 pm (est) on Friday, June 18, 2010. These requests ask for very few documents, potentially less than five documents: (a) the search warrant served by the federal authorities on the Debtors, (b) the seizure warrant served in February 2009 by federal authorities and used to seize the Eclipse plane used in the Debtors' business operations; (c) and any communications about these events or the criminal investigation.

11. Counsel for the States did not learn of the search warrant or the plane seizure until she took Mr. Mebane's deposition on June 9, 2010. The States sent their document requests to the

Debtors on June 13, 2010. The States ask for an abbreviated response time because so few documents have been requested and to receive these document before the June 22nd hearing.

12. Lastly, the States intend to call Mr. Mebane as a witness at the June 22nd hearing and have asked Mr. Northern if he will agree to accept service of a subpoena for Mr. Mebane or if the States will need to have Mr. Mebane formally served. The States have not yet received a response and would like to know as soon as possible.

WHEREFORE, the States ask this Court to: (a) deny the Debtors' Motion for Protective Order; (b) permit the States to proceed with the June 21, 2010 deposition of Special Agent Bullwinkel in Oxford, Mississippi; and (3) order the Debtors to respond to the States' Request for Production of Documents by producing documents at Ms. Molteni's office by 3:00pm (EST) on June 18, 2010.

Respectfully Submitted,

NATIONAL ASSOCIATION OF ATTORNEYS GENERAL

/s/ Patricia Molteni
Patricia Molteni (DC Bar No. 980878)
Karen Cordry (DC Bar No. 278051)

2030 M Street NW., 8th Floor
Washington, D.C. 20036
Tel: 202.326.6251 (Molteni)
Tel: 202.326.6025 (Cordry)
Fax: 202-521-4052
pmolteni@naag.org
kcordry@naag.org

NICHOLLS & CRAMPTON, P.A.

/s/ Gregory B. Crampton
Gregory B. Crampton (NC bar no. 991)
P.O. Box 18237
Raleigh, NC 27619
919-781-1311

**Attorneys for the States**

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2010, I served a copy of the **Objection to Debtors' Motion for Protective Order** by: Electronic mail and by first class U.S. mail to:

   **Walter Holton**, counsel for Calvin Phelps,
   301 N. Main Street, Winston Salem, NC 27101

And by CM/ECF e-mail only on the following entities through their counsel shown below:

**Renegade Holdings, Inc,**
**Renegade Tobacco Company**
**Alternative Brands, Inc., Debtors and Appellees**
John A. Northen, Esq.
Northen Blue, LLP
P. O. Box 2208
Chapel Hill, NC 27515-2208

**Alliance One International, Inc.**
Lisa P. Sumner, Esq.
Poyner & Spruill, LLP
P. O. Box 1801
Raleigh, NC 27602-1801

**Bank of the Carolinas**
Paul A. Fanning, Esq.
Ward and Smith, PA
PO Box 8088
Greenville, NC 27835-8088

**Carolina Bank**
Stuart C. Gauffreau
Hagan, Davis, Mangum, et al, PLLC
P.O. Box 3463
Greensboro, NC 27401

**GE Fleet Services**
Rebecca A. Leigh, Esq.
301 S. Greene St., Suite 201
Greensboro, NC 27401

**Hauni Richmond, Inc**
Kenneth M. Greene, Esq.
Carruthers & Roth, PA
P. O. Box 540
Greensboro, NC 27402-0540

**North Carolina Department of Justice**
Richard L. Harrison, Esq.
Melissa Trippe, Esq.,
N.C. Department of Justice
P.O. Box 629
Raleigh, NC 27602

**Bankruptcy Examiner**
Gene B. Tarr, Esq.
P. O. Drawer 25008
Winston-Salem, NC 27114-5008

**Tennessee Department of Revenue**
Gina Baker Hantel, Esq.
P.O. Box 20207
Nashville, TN 37027

**Calvin Phelps**
R. Bradford Leggett, Esq.
Allman Spry Leggett & Crumpler, PA
P.O. Drawer 5129
Winston-Salem, NC 27113-5129

**Bankruptcy Administrator**
Michael D. West, Esq.
P.O. Box 1828
Greensboro, NC 27402

**World Omni Financial Corp.**
Angela R. Collins
Riezman Berger, PC
7700 Bonhomme, 7th floor
St. Louis, MO 63105

I certify under penalty of perjury that the foregoing is true and correct.

Dated: June 16, 2010

/s/ Patricia Molteni
Patricia Molteni (DC Bar No. 980878)
National Association of Attorneys General

2030 M Street NW., 8th Floor
Washington, D.C. 20036
Tel: 202.326.6251 (Molteni)
pmolteni@naag.org

**Attorney for the States**