UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

IN RE:                          )
                                )
Renegade Holdings, Inc.,        )    Case No. 09-50140C-11W
Alternative Brands, Inc.,       )    Case No. 09-50141C-11W
Renegade Tobacco Co.,           )    Case No. 09-50143C-11W
                                )    Consolidated for Administration
            Debtors.            )
                                )

<u>MEMORANDUM OPINION</u>

These cases came before the court on June 26, 2010, for hearing on a Motion for New Trial or to Alter or Amend the Order Confirming Plan ("Motion") (Docket #480) filed by the States[1]. Having considered the Motion and the evidence and arguments presented at the hearing, the court makes the following findings and conclusions pursuant to Rules 9014 and 7052 of the Federal Rules of Bankruptcy Procedure.

The Debtors in these cases are Renegade Holdings, Inc. ("RHI"), Alternative Brands, Inc. ("ABI") and Renegade Tobacco Company ("RTC"). ABI is a federally licensed manufacturer of tobacco products consisting primarily of cigarettes and cigars. RTC distributes the tobacco products produced by ABI through wholesalers and retailers in 19 states and for export. ABI also is a contract fabricator for private label brands of cigarettes and cigars which are produced for other licensed tobacco manufacturers.

---

[1]The States seeking relief are Alabama, Arizona, Arkansas, California, Georgia, Idaho, Missouri, Nebraska, North Carolina, South Carolina, Tennessee, Utah and Virginia.

ABI and RTC are subsidiaries of RHI. The stock of RHI is owned indirectly by Calvin A. Phelps through his ownership of the stock of Compliant Tobacco, LLC which, in turn, owns all of the stock of RHI which in turn owns all of the stock of RTC and ABI. Until his resignation shortly before the June 26 hearing, Mr. Phelps was the chief executive officer of all three companies. All three of the Debtors' have their offices and production facilities in Mocksville, North Carolina.

The Debtors filed for relief under Chapter 11 of the Bankruptcy Code on January 28, 2009. When these cases were filed, the States were substantial creditors of the Debtors with unsecured nonpriority claims for unpaid escrow deposits which the Debtors have listed at $7,692,039.17 and penalty obligations listed at $30,852.00.

On October 12, 2009, the Debtors filed an Amended Joint Plan of Reorganization Dated October 1, 2009 ("Plan") (Docket #365) and an Amended Disclosure Statement (Docket #366). Following a hearing at which the Debtors' Amended Disclosure Statement was approved, a schedule for objecting to and voting on the Plan was established. The States filed extensive objections to the Plan and voted against it. All other votes were in favor of the Plan.

A confirmation hearing on the Plan was held on March 9 and March 15, 2010. Based upon the findings and conclusions contained in a memorandum opinion (Docket #459) that was filed on April 16,

2010, this court entered an order on April 23, 2010, overruling the States' objections and confirming the Plan (Docket #459).

The Motion, filed on May 7, 2010, seeks a new trial regarding confirmation of the Debtors' Plan based upon newly discovered evidence by the States. The newly discovered evidence relied upon by the States is that Mr. Phelps and the Debtors were under federal criminal investigation for unlawful trafficking in cigarettes and other related crimes throughout these cases which was not disclosed by Mr. Phelps or the Debtors.

The Motion was filed pursuant to Rule 9023 of the Federal Rules of Bankruptcy Procedure which incorporates Rule 59 of the Federal Rules of Civil Procedure. Under Rule 59, the court may grant a new trial in a non-jury proceeding "for any reason for which a new trial has heretofore been granted in a suit in equity in federal court." The reasons for granting a new trial that are available under Rule 59 include the discovery of evidence that was not available at trial. <u>E.E.O.C. v. Lockheed Martin Corp.</u>, 116 F.3d 110, 112 (4th Cir. 1997).

When the basis for a Rule 59 motion is newly discovered evidence, the requirements for the granting of relief are (1) the evidence must have been discovered after the entry of the order or judgment at issue; (2) the movant must have been excusably ignorant of the evidence at the time of the hearing despite due diligence to learn about the facts of the case; (3) the evidence must not be

- 3 -

merely cumulative or impeaching; and (4) the evidence must be material and of such a nature as would likely have changed the outcome at trial, or is such that would require the judgment to be amended. See Schultz v. Butcher, 24 F.3d 626, 631 (4th Cir. 1991); Boryan v. United States, 884 F.2d 767, 771 (4th Cir. 1989). See generally, 12 Moore's Federal Practice § 59.13[2][d] (3d ed. 2009). The burden of proof regarding these requirements is upon the party seeking relief pursuant to Rule 59. See 12 Moore's Federal Practice § 59.13[2][d][vi] (3d ed. 2009).

It is conceded that the States have established the first three requirements for relief based upon newly discovered evidence. It is undisputed that the criminal investigation involving Mr. Phelps and the Debtors was not discovered by the States until after the confirmation order was entered, which satisfies the first requirement under Rule 59. According to the evidence, the criminal investigation was a highly confidential undercover sting operation and neither the States nor counsel for the Debtors learned of the criminal investigation until the receipt of an April 7, 2010 letter from an assistant United States Attorney stating that "Calvin Phelps, Renegade Holdings, Renegade Tobacco and Alternative Brands are and have been under federal criminal investigation for unlawful trafficking in cigarettes and other related crimes." The evidence thus established that the criminal investigation was not something that the States should have known about in the exercise of

- 4 -

reasonable care in preparing for the confirmation hearing, which satisfies the second requirement under Rule 59. The third requirement is that the evidence regarding the criminal investigation not be merely cumulative or impeaching which obviously is the case here since there was no evidence at the confirmation hearing regarding a criminal investigation. The issue remaining for determination is whether the evidence offered by the States regarding the criminal investigation is material and is such that it likely would have changed the outcome of the confirmation hearing. For the reasons that follow, the court finds that the evidence regarding the criminal investigation is material and likely would have changed the outcome of the confirmation hearing.

The matter for determination at the confirmation hearing was whether the requirements of section 1129 were satisfied such that the Plan could be confirmed. The applicable requirements under section 1129(a) that were under consideration included section 1129(a)(2) which requires that the plan proponent have complied with "the applicable provisions of title 11." Congress and the courts have highlighted section 1125 as being one of "the applicable provisions" of title 11 that must be complied with in order for a plan proponent to satisfy section 1129(a)(2). See 7 Collier on Bankruptcy ¶ 1129.02[2] (16th ed. 2010)("The legislative history of the section indicates that Congress was primarily concerned 'that the proponent of the plan comply with the

- 5 -

applicable provisions of title 11, such as section 1125 regarding disclosure.'  Courts have readily accepted this, and have focused on compliance by the plan proponent with the disclosure and solicitation requirements of sections 1125 and 1126.").

Notwithstanding the earlier approval of a plan proponent's disclosure statement, the requirement of section 1129(a)(2) regarding compliance with section 1125 is that the court reassess at the confirmation hearing whether the disclosure contemplated by section 1125 has been provided.  In re Michelson, 141 B.R. 715, 719 (Bankr. E.D. Cal. 1992)("Nor does the scrutiny of the accuracy of the disclosure statement end with the pre-solicitation hearing on the question of whether the disclosure statement contains adequate information.  The accuracy of disclosure is an issue that must be addressed at the confirmation hearing where it must be demonstrated by a preponderance of the evidence that the 'proponent of the plan complie[d] with the applicable provisions of [title 11].'").

As illustrated by the foregoing authorities, one of the issues at the confirmation hearing in these cases was the adequacy of the disclosure provided by the Debtors prior to the solicitation of creditors.  The newly discovered evidence produced by the States at the hearing on their Rule 59 motion included evidence that Mr. Phelps, the CEO and sole director of the Debtors, was fully aware of the ongoing criminal investigation and had extensive knowledge regarding potential criminal charges against him and the Debtors

- 6 -

when the disclosure statement was submitted and at the time of the confirmation hearing. The States maintain that these facts are material for purposes of their motion for new trial. The court agrees. Material facts are those facts that are of consequence to the merits of the litigation which requires that the facts in question be significant under the substantive law of the case and properly at issue. See 29 Am. Jur. 2d Evidence § 303 (2008). The evidentiary facts regarding the criminal investigation have a direct bearing on the section 1129(a)(2) disclosure issue presented at the confirmation hearing and easily satisfy the materiality requirement for relief under Rule 59 based upon newly discovered evidence.

The question that remains is whether the newly discovered evidence likely would have caused the court to conclude that the disclosure provided by the Debtors was defective and not in accordance with section 1125. If so, it would follow that the Debtors would have failed to comply with section 1129(a)(2) and thus would have caused the court to reach a different conclusion at that point regarding confirmation of the plan. Having reviewed the newly discovered evidence which is summarized on the exhibit[2] to this opinion, the court is satisfied that such evidence would have caused the court to reach a different conclusion regarding

---

[2]Pursuant to the protective order previously entered in these cases, the exhibit is being filed under seal.

confirmation of the Plan at that time.

The conduct and scheme involved in the criminal investigation which are described in the exhibit occurred prior to filing of the Debtors' disclosure statement on October 12, 2009. All of the information described in the exhibit was known by Mr. Phelps prior to the preparation of the disclosure statement and before the confirmation hearing. Yet, none of this information was disclosed to bankruptcy counsel and as a result, there was no mention of the criminal investigation in the disclosure statement nor at the confirmation hearing. The court has considered the fact that other than Mr. Phelps, none of the other officers or members of the Debtor's management team apparently were aware of the existence of the scheme. The court also recognizes that Mr. Phelps has resigned his positions with the Debtors and sought to surrender control of the Debtors to an independent board of directors. The fact remains, however, that during the operation of the scheme, Mr. Phelps was the CEO and sole director of the Debtors, as well as the indirect owner of the stock of the Debtors. The general rule in situations such as this is that "[k]nowledge of the president or agent of a corporation is imputed to the corporation itself." E.g., Jay Group Ltd. v. Glasgow, 534 S.E.2d 233, 237 (N.C. Ct. App. 2000). The imputation of knowledge to the corporation occurs regardless of whether the knowledge was actually shared with the corporation. Id. Based upon the evidence now before the court,

- 8 -

the court finds that for purposes of deciding what disclosure should have been made by the Debtors, the knowledge of Mr. Phelps regarding the criminal investigation should be imputed to the Debtors given his position as CEO and director and his ownership interests at the time that the circumstances regarding the criminal investigation unfolded.

Under the definition contained in section 1125(a)(1), "adequate information" is defined, in pertinent part, as information of a kind, and in sufficient detail that would enable a hypothetical investor typical of holders of claims in the case to make an informed judgment about the plan. Given the general nature of this definition, what constitutes adequate information in a particular instance must be determined on a case-by-case basis and depends upon the particular circumstances of each case. See Menard-Sanford v. Mabey (In re A.H. Robins Co.), 880 F.2d 694, 696 (4th Cir. 1989) ("The determination of whether the disclosure statement has adequate information is made on a case by case basis and is largely within the discretion of the bankruptcy court."). See also 7 Collier on Bankruptcy ¶ 1125.02[1] (16th ed. 2010). Although the definition contained in section 1125 affords flexibility that permits the degree of disclosure to be tailored to the particular situation, there nevertheless is an "irreducible minimum" of information that must be afforded. In re Michelson, 141 B.R. at 718. The above-described information regarding the

- 9 -

criminal investigation falls within the "irreducible minimum" that was required in this case in order to provide adequate information. Considering the advanced stage of the investigation that was reached prior to the filing of the disclosure statement, the seriousness of the charges likely to be brought against Mr. Phelps and one or more of the Debtors, the nature and extent of the evidence of criminal conduct amassed during the investigation, and the nature and extent of the potential fines and penalties that are threatened, the court concludes that without the disclosure of the newly discovered evidence regarding the criminal investigation, the disclosure by the Debtors was defective and inadequate. In cases in which disclosure was defective because of material errors or omissions in the disclosure statement, courts consistently have concluded that the disclosure was not adequate, that compliance with section 1129(a)(2) therefore is lacking and that confirmation cannot be granted without corrective measures such as supplemental disclosure being provided. E.g., In re Mt. Highlands, LLC, No. 11-06-10011-SA, 2007 WL 4458175, at *8-*9 (Bankr. D.N.M. Dec. 14, 2007); In re Sierra-Cal, 210 B.R. 168, 176-77 (Bankr. E.D. Cal. 1997); In re Applegate Property, Ltd., 133 B.R. 827, 830-31 (Bankr. W.D. Tex. 1991); In re Crowthers McCall Pattern, Inc., 120 B.R. 279, 301 (Bankr. S.D.N.Y. 1990).

In the cases now before the court, had the newly discovered evidence been produced at the confirmation hearing, this court

- 10 -

would have found that the Debtors did not meet the requirements of section 1129(a)(2) as a result of having made no disclosure regarding the criminal investigation and would not have confirmed the plan without supplemental disclosure that provided adequate disclosure regarding the criminal investigation. The court has concluded, therefore, that the motion for a new hearing regarding confirmation of the Plan should be granted.[3] An order so providing shall be entered contemporaneously with the filing of this memorandum opinion.

This 13th day of July, 2010.

_William L. Stocks_
WILLIAM L. STOCKS
United States Bankruptcy Judge

---

[3]Having concluded that the States are entitled to a new hearing for reasons related to non-compliance with section 1129(a)(2), the court does not reach nor decide the issue of whether the newly discovered evidence is such that it also would likely would have changed the court's finding regarding the feasibility of the Plan.

- 11 -