# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF NORTH CAROLINA
## WINSTON-SALEM DIVISION

| IN THE MATTER OF: | |
|---|---|
| Renegade Holdings, Inc., et al | Case No. 09-50140<br>Chapter 11<br>Consolidated for Administration |
| Debtors | |

### Motion To Appoint Chief Restructuring Officer

Now come Renegade Holdings, Inc., Alternative Brands, Inc. and Renegade Tobacco Co. (collectively, the "Debtors"), and move the Court pursuant to §§ 1107 and 1108 of the Bankruptcy Code for the appointment of a Chief Restructuring Officer for the Debtors, as follows:

1     On January 28, 2009 (the "Petition Date"), the Debtors filed voluntary petitions seeking relief under Chapter 11 of the Bankruptcy Code and an Order for relief was entered. The Debtors continue in possession of their respective assets and operate their businesses as debtors-in-possession.

2     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334, and this matter is a core proceeding under 28 U.S.C. §157(b)(2). Venue is proper pursuant to 28 U.S.C. §§1408 and 1409.

3     The Debtors filed an Amended Joint Plan of Reorganization and Disclosure Statement dated October 1, 2010 (the "Plan"), the Court approved the Disclosure Statement by Order dated November 18, 2009, and copies were mailed to all creditors together with a ballot to vote to accept or reject the Plan. The confirmation hearing was held on March 9 and 15, 2010, and the Plan was confirmed by Court by Order entered on April 23, 2010.

4     On April 7, 2010, the Asst. U.S. Attorney for Northen District of Mississippi (the "AUSA") notified counsel for the Debtors and the Bankruptcy Administrator of a pending criminal investigation of Calvin Phelps and the Debtors. The National Association of Attorneys General ("NAAG") representing the states (the "Settling States") which are participants in the Master Settlement Agreement (the "MSA") filed a motion asking Court to vacate the plan confirmation order due to the Debtors' failure to disclose the criminal investigation.

5     At the hearing on NAAG's motion on June 26, 2010, the Debtors modified the Plan to

change management and control of the companies (Calvin Phelps resigned as officer and director; and Mike Mebane appointed as CEO and director, along with John Babcock and Richard Hutson as directors) pending full consummation of the Plan and payment of all allowed claims, and such management changes were implemented that day. On July 13, 2010, the Court vacated the prior confirmation order due to the inadequate disclosure statement and scheduled a status hearing on July 26, 2010.

6       The criminal investigation concerns sales made by Cutting Edge Enterprises, Inc. ("Cutting Edge"). Cutting Edge was a Participating Manufacturer under the MSA and held the rights to two brands (Macro and Dallas) which were approved for sales in MSA states. Alternative Brands is a Non-Participating Manufacturer, manufactures its own brands, and manufactures cigarettes for other entities on a contract basis. Calvin Phelps indirectly owns and controlled both companies.

7       Cutting Edge entered into a cigarette fabrication agreement with Alternative Brands dated June 1, 2005, pursuant to which Alternative Brands agreed to manufacture certain brands of cigarettes for Cutting Edge. Pursuant to the terms of that agreement, Alternative Brands was to manufacture cigarettes to the specifications required by Cutting Edge, and Cutting Edge was responsible for complying with all laws and regulations, including responsibility for complying with the terms of the MSA for any cigarettes fabricated by Alternative Brands and paying all federal and state taxes and MSA fees.

8       Cutting Edge filed for Chapter 11 bankruptcy on April 16, 2007. The Chapter 11 proceeding was vigorously contested by the Settling States and eventually resulted in an agreed plan of liquidation which was filed on March 11, 2008 and confirmed by Order entered May 20, 2008. Pursuant to the Cutting Edge Plan, Cutting Edge ceased operations, transferred its' assets to Alternative Brands, and agreed to pay certain amounts to the MSA and other parties. Alternative Brands agreed to fund the designated amounts if Cutting Edge lacked the funds to make the required payment, and in fact Alternative Brands and its affiliates paid over $2.3 million to satisfy MSA and other obligations of Cutting Edge.

9       The criminal investigation concerns certain sales of cigarettes made by Cutting Edge between March 2007 and April 2008, during the Cutting Edge bankruptcy proceeding, which the AUSA contends were carried out in a manner intended to evade payments due under the MSA and in violation of the Contraband Cigarette Trafficking Act. The AUSA asserts that the scheme

violated certain federal laws which, if proven, could result in incarceration for Mr. Phelps and in substantial fines and other penalties being imposed on Mr. Phelps and/or the companies. As of this date, no charges have been filed against Mr. Phelps or any of the Debtors.

10   Mr. Phelps is represented by separate counsel, and the outcome as to him and his assets cannot be determined by the Debtors. However, in light of the serious nature of the investigation and pursuant to the Plan modification filed with the Court on June 25, 2010, Mr. Phelps resigned as an officer or director of the Debtors and appointed the replacement board of directors: and, Mr. Phelps agreed to the Plan Modification pursuant to which he would not be eligible to serve in such capacities until such time as all allowed claims have been paid in full.

11   The new directors had agreed to serve in such capacity to assure the implantation of a confirmed plan; however, the nature of the assignment has now changed to a substantial degree and includes both the plan confirmation process and the criminal investigation which was the basis for the revocation of the confirmation order. As a result of the foregoing, Mr. Babcock and Mr. Hutson are unwilling to continue as directors and (after authorizing the present Motion) have resigned, and Mr. Mebane is willing to continue as the sole director only for a limited time pending a ruling by the Court on the present Motion.

12   The Debtors are in need of stable management at the Board level, and believe it to be in the best interest of creditors to appoint Peter L Tourtellot as the Chief Restructuring Officer ("CRO") for the Debtors, with all the powers and duties of a trustee as set forth in § 1106 of the Bankruptcy Code. The Debtors seek the appointment of a CRO rather than a trustee for the following reasons:

    a.   In the event the criminal investigation resulted in a plea or conviction of Mr. Phelps on tobacco-related charges, the Debtors' licenses and permits would be placed in jeopardy if Mr. Phelps was an officer, director or otherwise connected to the Debtors' operations.

    b.   The criminal investigation also raises the prospect, although the outcome is not determined, that parties in interest will seek the appointment of a trustee.

    c.   Appointment of a trustee would require the retention of new professionals, except to the extent the trustee wished to retain Debtors' counsel as special counsel pursuant to § 327, with a resulting loss of continuity, increased expense and significant delay.

d. The Debtors are far into the case and at the stage of seeking approval for a supplemental disclosure statement, re-balloting and confirmation hearing of a modified plan of reorganization, all of which could best be accomplished by continuing the use of the Debtors' existing professionals.

13  The appointment of a CRO with the powers and duties of a trustee is within the Court's discretion when in the best interest of the estate. *See, In re Blue Stone Real Estate, Construction & Development Corp.*, 392 B.R. 897 (Bankr. M.D. Fla. 2008); *Matter of Gaslight Club, Inc.*, 782 F.2d 767 (7th Cir. 1986); *In re Communication Options, Inc.*, 299 B.R. 461 (Bankr. S.D. Ohio 2003); *In re United Press Int'l, Inc.*, 60 B.R. 265 (Bankr. D.C. 1986); *FSC Corp.*, 38 B.R. 346 (Bankr. W.D. Pa. 1983). *But see, In re Adelphia Communications Corp.*, 336 B.R. 610 (Bankr. S.D. N.Y.); *1031 Tax Group LLC*, 2007 WL 2085384 (Bankr. S.D.N.Y. 2007); *In re SunCruz Casinos LLC*, 298 B.R. 821 (Bankr. S.D. Fla. 2003).

14  The Debtors request that Mr. Tourtellot and other members or staff of his firm, Anderson Bauman Tourtellot Vos & Co., be compensated by the estate at their respective customary hourly rates plus reimbursement for actual and necessary expenses, subject to the fee application guidelines of this Court.

Wherefore, the Debtors pray the Court for the following relief:

1  Enter an Order appointing Peter L. Tourtellot as the Chief Restructuring Officer for the Debtors, with all the powers and duties of a trustee, effective immediately.

2  Such other relief as the Court may deem necessary and proper.

RESPECTFULLY submitted on behalf of the Debtors, this the 23rd day of July, 2010.

/s/ John A. Northen

**Counsel for the Debtors:**
John A. Northen, NCSB #6789
jan@nbfirm.com
Vicki L. Parrott, NCSB #25762
vlp@nbfirm.com
Stephanie Osborne-Rodgers, NCSB #29374
sor@nbfirm.com
Northen Blue, LLP
Post Office Box 2208
Chapel Hill, NC 27515-2208
Telephone: 919-968-4441

# AFFIDAVIT

I, Peter L. Tourtellot, do solemnly depose and declare as follows:

1. I am a certified turnaround professional (CTP) with the firm of Anderson Bauman Tourtellot Vos & Co.

2. I have been asked to serve as Chief Restructuring Officer for Renegade Holdings, Inc., Alternative Brands, Inc. and Renegade Tobacco Co. (collectively, the "Debtors"), in their consolidated cases before the United States Bankruptcy Court for the Middle District of North Carolina, and in that capacity to exercise the powers and duties of a trustee for the Debtors.

3. I am a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code, and to the best of my knowledge have no connections with the Debtors or the creditors in this case.

4. The total compensation promised by the Debtors for the services rendered or to be rendered in connection with this case will be such amounts as may be approved by the Court after notice and hearing. Statements for work done will be based upon the customary hourly rates charged by members of the firm at the time such services are rendered. No compensation has been received from the Debtors or any other person on said account.

5. There are no further undertakings by these or any other persons or entities to pay the post-petition fees or expenses of the Debtors, and no understanding or agreement exists for a division of fees or compensation with any other person or entity, except for the sharing of compensation within my firm.

I declare under penalty of perjury that the foregoing is true and correct, this the 23rd day of July, 2010.

*[signature]*

Peter L. Tourtellot

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| IN THE MATTER OF: | Case No. 09-50140 |
|---|---|
| Renegade Holdings, Inc., et. al | Chapter 11 |
| | Consolidated for Administration |
| Debtors | |

### CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing by automatic electronic service:

| | |
|---|---|
| Michael D. West<br>Bankruptcy Administrator<br>PO Box 1828<br>Greensboro, NC 27402 | Angela R. Collins<br>Riezman Berger, PC<br>7700 Bonhomme, 7th Floor<br>St Louis, MO 63105 |
| Karen Cordry<br>Patricia A. Molteni<br>National Association of Attorneys General<br>2030 M Street NW, 8th Floor<br>Washington, DC 20036 | Gregory B. Crampton<br>Nicholls & Crampton, PA<br>o/b/o National Assoc of Attorneys General<br>P O Box 18237<br>Raleigh, NC 27619 |
| Paul A. Fanning<br>Ward and Smith, PA<br>o/b/o Bank of the Carolinas<br>P O Box 8088<br>Greenville, NC 27835-8088 | Stuart C. Gaffreau, Esq.<br>Hagan Davis Mangum<br>Obo Carolina Bank<br>300 North Greene Street, Suite 200<br>Greensboro, NC 27401 |
| Kenneth M. Greene<br>Carruthers & Roth, PA<br>Obo Hauni Richmond, Inc.<br>235 N. Edgeworth Street<br>Greensboro, NC 27401 | Gina Baker Hantel<br>Obo Tennessee Dept of Revenue<br>P O Box 20207<br>Nashville, TN 20207 |
| Richard L. Harrison<br>Melissa L. Trippe<br>North Carolina Department of Justice<br>Post Office Box 629<br>Raleigh, NC 27602 | Gene B. Tarr<br>Examiner<br>P O Drawer 25008<br>Winston-Salem, NC 27114-5008 |
| R. Bradford Leggett<br>Allman Spry Leggett & Crumpler, PA<br>P O Drawer 5129<br>Winston-Salem, NC 27113-5129 | Rebecca A. Leigh<br>Suite 201<br>301 S. Greene St.<br>Greensboro, NC 27401 |

| | |
|---|---|
| Lisa P. Sumner<br>Poyner & Spruill, LLP<br>o/b/o Alliance One International, Inc.<br>P O Box 1801<br>Raleigh, NC 27602 | |

This the 23rd day of July, 2010.

.

/s/ John A. Northen

**Counsel for the Debtors:**
John A. Northen, NCSB #6789
Northen Blue, LLP
Post Office Box 2208
Chapel Hill, NC 27515-2208
Telephone: 919-968-4441