UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

In re:                          )
                                )
Renegade Holdings, Inc.,        )   Case No. 09-50140C-11W
et al.,                         )
                                )
         Debtor.                )
                                )

ORDER APPOINTING CHAPTER 11 TRUSTEE

These cases came before the undersigned bankruptcy judge on August 17, 2010, for hearing upon the Cross-Motion, filed by counsel for the Settling States which participate in the Master Settlement Agreement (the "States"), for appointment of a Chapter 11 trustee. The Bankruptcy Administrator supported the States' Cross-Motion for appointment of a trustee, as did the sole shareholder of the Debtors, Calvin A. Phelps ("Phelps"), appearing through his attorney, Richard M. Mitchell. The Debtors, through counsel, opposed the States' Cross-Motion.

Based upon the record in this case and the arguments of counsel, this court finds adequate grounds to appoint a trustee. Pursuant to section 1104(a)(1), appointment of a trustee is warranted, due to misconduct on the part of current management as outlined in the prior memorandum opinion (Docket Item #590) vacating the order confirming plan. This court also finds, pursuant to section 1104(a)(2), that the appointment of a trustee is in the best interest of the estate, creditors, and other parties-in-interest, it appearing that there are serious

disagreements as to how the Debtors should be managed and that the business operations of the Debtors have been disrupted as a result, including the abrupt removal of key personnel by current management. The court concludes, therefore, that a trustee should be appointed.

It is, therefore, ORDERED, ADJUDGED, AND DECREED that the States' Cross-Motion for appointment of a trustee is granted, and that Peter L. Tourtellot is hereby appointed as Chapter 11 Trustee ("Trustee") in this case; and it is further

ORDERED that, to the extent the Trustee shall request, the Debtors, including their current officers, directors, and shareholder, shall immediately turnover to the Trustee possession and control of all funds, accounts, keys, codes, books and records, electronic data, and all other property of the Debtors; and it is further

ORDERED that the Debtors, including their current officers, directors, and shareholder, shall cooperate with the Trustee in the expedient transition of management and control over the property and business operations of the Debtors, and shall not interfere in any way with the actions or directives of the Trustee, unless acting strictly in accordance with the further order of this court; and it is further

ORDERED that, as soon as practicable and within five business days of entry of this Order, the Trustee shall obtain and file with

the court a bond in the amount of $1,500,000 subject to increases and decreases in this amount as may be agreed from time to time between the Bankruptcy Administrator and the Trustee, and upon the terms and conditions determined by the Bankruptcy Administrator, pursuant to section 322 of the Bankruptcy Code; and it is further

ORDERED that the Debtors' Motion to Appoint Chief Restructuring Officer shall be overruled and denied pursuant to a separate order to be entered by the Court.

The court reserves the right to file a memorandum opinion in the event any party files a notice of appeal of this Order.

This 18th day of August, 2010.

_____
WILLIAM L. STOCKS
United States Bankruptcy Judge

PARTIES TO BE SERVED

09-50140

Page 1 of 1

The Debtors, all creditors, counsel of record, and parties in interest.