UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| IN THE MATTER OF:<br><br>Renegade Holdings, Inc., et al<br><br>Debtors | Case No. 09-50140<br>Chapter 11<br>Consolidated for Administration |
|---|---|
| **Order Granting Motion To Employ Anderson Bauman Tourtellot & Vos To Perform General Management Duties For The Debtors, As Amended, Nunc Pro Tunc** ||

This matter came before the Court to consider the Motion filed by Peter L. Tourtellot, Chapter 11 Trustee for Renegade Holdings, Inc., Alternative Brands, Inc. and Renegade Tobacco Co. (collectively, the "Debtors"), pursuant to §327 of the Bankruptcy Code and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure for authority to employ the firm of Anderson Bauman Tourtellot & Vos to perform general management duties for the Debtors. Objections were filed by Bank of the Carolinas and by the Settling States. After considering the Motion, the Objections, and the comments of parties wishing to be heard, the Court makes the following findings:

1. On January 28, 2009, the Debtors filed voluntary petitions seeking relief under Chapter 11 of the Bankruptcy Code and orders for relief were entered. On August 18, 2010, this Court entered an order appointing Peter Tourtellot as Chapter 11 Trustee ("Trustee") for the Debtors.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334, and this matter is a core proceeding under 28 U.S.C. §157(b)(2). Venue is proper pursuant to 28 U.S.C. §§1408 and 1409.

3. The Motion seeks approval by this Court for the Trustee to employ himself and other members of the firm of Anderson Bauman Tourtellot & Vos ("ABTV"), to perform general management duties for the Debtors and to assist the Trustee with the day-to-day management and operations of the Debtors' businesses.

4. Prior to the appointment of Peter L. Tourtellot as Trustee, the functions of CEO and COO were being performed by Calvin Phelps and Mike Mebane, while additional management support was being performed by Lisa Phelps. Since the appointment of the Trustee, the employment of Calvin Phelps, Mike Mebane and Lisa Phelps have all been terminated.

5. The successful operation and reorganization of the bankruptcy estate will depend on the Trustee managing the Debtors' business on a daily basis. The employment of ABTV to provide general management for the Debtors will provide specific benefits to the Trustee and the creditors, and will enhance the successful administration of this case.

6. The Trustee's present hourly rate is $350.00 per hour, and one-half the stated rate for travel time. The Trustee estimated that the current charges would be approximately $53,345 per month based on present time demands.

7. In the Motion, the Trustee proposed that ABTV provide such general management duties at the monthly fee of $42,500.00, to be paid to ABTV on a monthly basis in the ordinary course and without further notice, hearing or order of the Bankruptcy Court. ABTV would submit itemized monthly statements of management services rendered to the Debtors to the Bankruptcy Administrator and to any other party in interest upon written request to the Trustee, with said compensation subject to further review prospectively by this Court at the request of the Bankruptcy Administrator or a party in interest.

8. Further, the Trustee proposed to keep two sets of time records, distinguishing (i) the time he and others with ABTV spend on general management of the company, including but not limited to overseeing the day to day operations of the Debtors, and (ii) the time he spends serving and acting as traditional Chapter 11 trustee for the company, including but not limited to preparation of the plan of reorganization, supervision of claims objections and litigation, and negotiations in the context of the case.

9. The Trustee would reserve the right to seek compensation pursuant to Section 326 of the Bankruptcy Code, on a quarterly basis, at the conclusion of the case, and/or upon successful and meaningful events in furtherance of this case (i.e. plan confirmation or sale).

10. Bank of the Carolinas filed an objection to the Motion, concerned that the proposed retention and compensation arrangement was excessive and not in the best interest of the estate, and asked that the Motion be denied unless the Trustee could provide justification for the relief requested.

11. The Settling States filed a limited objection to the Motion, expressing similar concerns and requesting that either the Court deny the Motion or, in the alternative, require the Trustee to submit periodic fee applications in compliance with § 330 and Bankruptcy Rule 2016.

12. In response to the Objections, the Trustee has offered to modify the compensation arrangements for ABTV and the Trustee and to amend the Motion, as follows:

    a. The Trustee will keep detailed time records of his business management services and his travel time, as well as his out of pocket costs.

        i. The Debtors will make an interim payment of $40,000 per month, and on a calendar quarter basis the Trustee will file a fee application for these items which will be noticed to all parties in interest and subject to approval by the Court, with a credit for the interim payments received.

        ii. To the extent approved fees and expenses exceed the interim payment, the balance would be paid upon approval; if an overpayment has occurred, any surplus would be credited against the next monthly interim payment.

        iii. All fees and expenses would be subject to final approval after confirmation of a plan of reorganization. The plan may also provide for post-confirmation compensation for management services provided by the Trustee.

    b. The Trustee will also keep detailed time records of his services as Trustee.

        i. The Trustee may seek interim compensation, but would expect to defer any compensation in this capacity until the final fee application filed upon confirmation of the plan.

        ii. Any application for Trustee compensation would be subject to the limitations set forth in the Bankruptcy Code, and in that context the Court can take into consideration the time expended, the results obtained, and any other factors relevant to this issue.

        iii. The plan may also provide for post-confirmation compensation for the Trustee while implementing the Plan.

13. The retention and compensation arrangements set forth above comply with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the fee application guidelines in effect in this District.

Based on the foregoing, the Court concludes that the employment and compensation arrangements as set forth above are in the best interest of the estate and should be approved, and for good and sufficient reasons appearing it is hereby

ORDERED that the Objections are overruled, the Motion as amended is granted, and the Trustee is authorized to employ the firm of Anderson Bauman Tourtellot & Vos to perform general management duties for the Debtors and to compensate ABTV on an interim basis in the manner set forth above.

Service list:

| | |
|---|---|
| Michael D. West<br>Bankruptcy Administrator<br>PO Box 1828<br>Greensboro, NC 27402 | Angela R. Collins<br>Riezman Berger, PC<br>7700 Bonhomme, 7th Floor<br>St Louis, MO 63105 |
| Karen Cordry<br>Patricia A. Molteni<br>National Association of Attorneys General<br>2030 M Street NW, 8th Floor<br>Washington, DC 20036 | Gregory B. Crampton<br>Nicholls & Crampton, PA<br>o/b/o National Assoc of Attorneys General<br>P O Box 18237<br>Raleigh, NC 27619 |
| Paul A. Fanning<br>Ward and Smith, PA<br>o/b/o Bank of the Carolinas<br>P O Box 8088<br>Greenville, NC 27835-8088 | Stuart C. Gaffreau, Esq.<br>Hagan Davis Mangum<br>Obo Carolina Bank<br>300 North Greene Street, Suite 200<br>Greensboro, NC 27401 |
| Kenneth M. Greene<br>Carruthers & Roth, PA<br>Obo Hauni Richmond, Inc.<br>235 N. Edgeworth Street<br>Greensboro, NC 27401 | Gina Baker Hantel<br>Obo Tennessee Dept of Revenue<br>P O Box 20207<br>Nashville, TN 20207 |
| Richard L. Harrison<br>Melissa L. Trippe<br>North Carolina Department of Justice<br>Post Office Box 629<br>Raleigh, NC 27602 | Gene B. Tarr<br>Examiner<br>P O Drawer 25008<br>Winston-Salem, NC 27114-5008 |
| Richard M. Mitchell<br>Mitchell & Culp, PLLC<br>Obo Calvin Phelps, CLC Properties, Compliant Tobacco Co<br>1001 Morehead Square Drive, Suite 330<br>Charlotte, NC 28203 | Rebecca A. Leigh<br>Suite 201<br>301 S. Greene St.<br>Greensboro, NC 27401 |
| Lisa P. Sumner<br>Poyner & Spruill, LLP<br>o/b/o Alliance One International, Inc.<br>P O Box 1801<br>Raleigh, NC 27602 | Gerald A. Jeutter, Jr.<br>P O Box 12585<br>Raleigh, NC 27605 |
| Richard M. Mitchell<br>Mitchell & Culp<br>1001 Morehead Square Drive<br>Charlotte, NC 28203 | John A. Northen<br>Northen Blue, LLP<br>P O Box 2208<br>Chapel Hill, NC 27515-2208 |