UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Case Number 09-50140 |
| RENEGADE HOLDINGS, INC., et al, | § | Consolidated for Administration |
| | § | Chapter 11 |
| Debtors. | § | |

**ORDER (A) AUTHORIZING AND SCHEDULING A PUBLIC AUCTION FOR THE SALE OF CERTAIN REAL PROPERTY LOCATED IN DAVIE COUNTY, NORTH CAROLINA; (B) AUTHORIZING THE SALE OF THE REAL PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS AND TRANSFERRING SUCH TO THE PROCEEDS OF SALE; AND (C) SCHEDULING A HEARING TO CONSIDER APPROVAL OF SUCH SALE TO THE PARTY SUBMITTING THE HIGHEST BID**

This cause came before the Court on May 17, 2011, upon motion filed April 22, 2011 by Peter L. Tourtellot, Chapter 11 Trustee for Renegade Holdings, Inc., Alternative Brands, Inc., and Renegade Tobacco Company ("Debtors"), for entry of orders (i) authorizing and scheduling a public auction sale of certain real property located in Davie County, North Carolina, (ii) ordering that the sale is free and clear of all liens, claims, encumbrances, and other interests, and transferring all such liens, claims, encumbrances and other interests to the proceeds of sale, and (iii) scheduling a hearing to consider approval of such sale or sales to the bidder or bidders submitting the highest bid(s) (the "Sale Motion").

The Court has jurisdiction to consider the Sale Motion and to grant the relief provided herein in accordance with 28 U.S.C. §§ 157 and 1334.

Notice of the hearing on the Sale Motion was properly served on all parties in interest pursuant to the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules. No other or further notice need be provided.

Appearing at the hearing on the Sale Motion were Robyn R. C. Whitman, Esq., on behalf

of the Bankruptcy Administrator for the Middle District of North Carolina, John A. Northen, Special Counsel to the Chapter 11 Trustee, Paul A. Fanning, counsel to Bank of the Carolinas, G. Gray Wilson, counsel to the defendants in adversary proceeding no. 10-06053, and Gene B. Tarr, Special Counsel to the Chapter 11 Trustee.

No objections to the Sale Motion were filed and none were raised at the hearing.

Upon consideration of the Sale Motion, the evidence presented at the hearing, the record in this case and with the consent of the parties as set forth below, the Court makes the following findings of fact and conclusions of law:

1. On January 28, 2009 ("Petition Date"), Renegade Holdings, Inc., Renegade Tobacco Company, and Alternative Brands, Inc. filed voluntary petitions seeking relief under Chapter 11 of the United States Bankruptcy Code and orders for relief were entered thereon.

2. After the Petition Date, Debtors continued in possession of their respective assets and operated their businesses as debtors-in-possession. By order entered August 18, 2010, the Court appointed Peter L. Tourtellot ("Trustee") as Chapter 11 Trustee for Debtors.

3. On September 23, 2010, Debtors commenced Adversary Proceeding No. 10-06053 against Calvin A. Phelps, Lisa Yamaoka a/k/a Lisa Phelps, and other defendants ("Adversary Proceeding").

4. In the Adversary Proceeding, Debtors filed a verified complaint to avoid and recover fraudulent transfers pursuant to 11 U.S.C. §§ 541, 544, 548, and 550 and N.C.Gen.Stat. § 39-23.4, for imposition of a constructive trust on, *inter alia*, the Properties (as hereinafter defined) and for other relief pursuant to applicable North Carolina law.

5. On September 24, 2010, Debtors moved the Court for entry of an order of attachment against Defendants. On September 24, 2010, the Court entered its order granting the attachment motion.

6. On September 28, 2010, the Clerk of this Court issued a Writ of Attachment which provided that the Trustee shall act as substitute custodian of the Attached Property on behalf of this Court.

7. On October 1, 2010, Debtors, as Plaintiffs, filed Notices of *Lis Pendens* pertaining to the Properties (defined in paragraph 11 below) pursuant to N.C.Gen.Stat. § 1-440.12.

8. N.C.Gen.Stat. § 1-440.44(a) provides for the sale of attached property before judgment.

9. Calvin A. Phelps ("Mr. Phelps") and Lisa A. Yamaoka ("Ms. Yamaoka") are among the Defendants in the Adversary Proceeding, and are referred to collectively herein as the "Consenting Defendants."

10. Mr. Phelps and Ms. Yamaoka consent to the sale of the Properties before judgment in the Adversary Proceeding.

11. Mr. Phelps, individually, and Mr. Phelps and Ms. Yamaoka, as tenants by the entireties, are record owners of the following real property (collectively referred to as the "Properties" or individually as a "Property"):

    (a) Three (3) parcels consisting of 310.57 +/- acres of adjoining land located on NC Hwy 801 and US Hwy 64 in Davie County, North Carolina with frontage on the Yadkin River and consisting of the following acreages:

        (i) 228.48 +/- acres, Parcel# 5777870922, as described in Book 315, Page 3 of the Davie County Registry (Mr. Phelps as record owner);

        (ii) 66.49 +/- acres, Parcel# 5777994297, as described in Book 648, Page 352 of the Davie County Registry ("66.49 Acres") (Mr. Phelps and Ms. Yamaoka, as tenants by the entireties, as record owner); and

        (iii) 15.6 +/- acres, Parcel# 5788005450, as described in Book 648, Page 355 of the Davie County Registry ("15.6 Acres") (Mr. Phelps and Ms. Yamaoka, as tenants by the entireties, as record owner);

    (b) One (1) parcel consisting of 27.828 +/- acres located off US Hwy 601 North on Allen Road in Davie County, North Carolina, partially cleared and currently in

crop production, Parcel# 5729587793, as described in Book 454, Page 60 of the Davie County Registry (Mr. Phelps as record owner); and

(c) Two (2) adjoining parcels in Davie County, North Carolina consisting of the following acreages:

(i) 1.624 +/- acres with a brick building with frontage on US Hwy 601 South, Parcel# 5746515059, as described in Book 410, Page 941 of the Davie County Registry (Mr. Phelps as record owner); and

(ii) .727 +/- acres with a wooden structure not in current use and appears abandoned with frontage on NC Hwy 801, Parcel# 5746514369, as described in Book 410, Page 943 of the Davie County Registry (Mr. Phelps as record owner).

12. The following parties claim interests in one or more of the Properties:

(a) **Ad Valorem Property Taxes.** *Ad valorem* property taxes for each of the Properties for 2010 are past due, and such taxes for 2011 are a lien but not yet determined in amount nor are such taxes due or payable at this time.

(b) **NewBridge Bank f/k/a Lexington State Bank ("NewBridge")**. Except for the 66.49 Acres and the 15.6 Acres, the Properties are subject to first lien deeds of trust in favor of NewBridge. The deeds of trust (collectively referred to herein as the "NewBridge Deeds of Trust") secure obligations of Mr. Phelps and/or Alternative Brands, Inc. to NewBridge as described in the Sale Motion (the "NewBridge Obligations"). NewBridge has not received a monthly payment since November 2010.

NewBridge consents to the relief requested in the Sale Motion, on the conditions that (i) with respect to each Property which is subject to the NewBridge Obligations, NewBridge is paid the sale proceeds arising from such parcel up to but not exceeding the indebtedness secured by such parcel, at closing, and (ii) NewBridge does not bear any of the expenses of sale.

(c) **Bank of the Carolinas**.

(i) **First Lien Deed of Trust**. The 66.49 Acres and the 15.6 Acres are subject to a first lien deed of trust in favor of Bank of the Carolinas (the "Bank of the Carolinas First Lien Deed of Trust").

(ii) **Junior Lien Deeds of Trust**. Each of the other Properties, i.e., the Properties subject to the NewBridge Deeds of Trust, is described in one or more deeds of trust in favor of Bank of the Carolinas, and appears to secure obligations of Mr. Phelps, Alternative Brands, Inc., and/or Renegade Holdings, Inc. to Bank of the Carolinas (collectively referred to herein as the "Bank of the Carolinas Junior Lien Deeds of Trust").

Bank of the Carolinas consents to the relief requested in the Sale Motion, and has agreed to release or the transfer of the Bank of the Carolinas First Lien Deed of Trust and the Bank of the Carolinas Junior Lien Deeds of Trust for the sales prices hereafter approved by the Court, provided that the amount due under the promissory note secured by the Bank of the Carolinas First Lien Deed of Trust is paid in full at closing, and further provided that all other liens, claims, encumbrances and other interests are transferred to the Net Sales Proceeds[1] (as defined hereinafter) and that the Net Sales Proceeds are held pending further order of the Court.

(d) **Carolina Bank**. Carolina Bank transcribed a judgment to Davie County against Mr. Phelps (among others) on December 9, 2010. Carolina Bank consents to the relief requested in the Sale Motion.

(e) **The Consenting Defendants**. Without prejudice to any of the Consenting

---

[1] The definition of Net Sales Proceeds in this order differs from the definition of Net Sales Proceeds contained in the Sale Motion.

Defendants' defenses in the Adversary Proceeding, the Consenting Defendants have agreed that their interests in the Properties can be sold, pursuant to §§ 363(b) and (f) of the Bankruptcy Code, along with the interests in the Properties asserted by Debtors, on the terms and conditions set forth in the Sale Motion.

(f) **Debtors**. Debtors consent to payment of the Closing Disbursements (as hereinafter defined) from the sales proceeds, but such consent is without prejudice to any of Debtors' claims, rights or remedies against Defendants or the Consenting Defendants.

13. Contemporaneously with the Sale Motion, Debtors filed an application seeking the Court's approval to employ Iron Horse Auction Co., Inc. ("Iron Horse") to market the Properties, and to conduct a sale, by means of a public auction, at 6:00 p.m. on Thursday, June 9, 2011 (the "Sale"), or such other time and date as the Court should order the Sale. At the hearing, the parties agreed that, in order to allow sufficient time for advertising prior to the Sale, the Sale should be held on Thursday, June 23, 2011, which the Court approved.

14. According to valuations performed by Iron Horse in July 2010, there appears to be significant value in the Properties over and above the amounts due under the NewBridge Obligations and the Bank of the Carolinas First Lien Deed of Trust.

15. Neither Debtors nor the Consenting Defendants dispute the validity of the NewBridge Obligations or Deeds of Trust, and no parties have raised any objection or dispute with respect to the Bank of the Carolinas obligations or Deeds of Trust. It appears to the Court that a sale of the Properties, either through foreclosure by NewBridge or otherwise, is imminent, and that the Sale is most likely to maximize the sale proceeds. Good cause exists, and it is in the best interests of the bankruptcy estates for the Court to authorize the Sale upon the terms and conditions set forth herein.

16. The Court has the authority to approve the Sale pursuant to N.C.Gen.Stat. §§ 1-

440.9 and 1-440.44(a), Bankruptcy Code §§ 105, 363 and 541, and Bankruptcy Rule 6004.

NOW THEREFORE, for good and sufficient cause shown, it is hereby

ORDERED that the Chapter 11 Trustee is authorized to hold a public sale of the Properties pursuant to § 363 of the Bankruptcy Code on Thursday, June 23, 2011 at 6:00 p.m. at a public facility in close proximity to the Properties, with said Sale to be conducted by Iron Horse; and it is further

ORDERED that the marketing techniques used for the Sale shall be those described in the Auction Marketing Agreement attached to the Sale Motion as Exhibit A; and it is further

ORDERED that each Property shall be sold free and clear of all liens, claims, encumbrances and/or other interests (together, the "Interests"), with any such Interests, including without limitation the interests of Debtors and the Consenting Defendants, transferred to the proceeds of sale pursuant to Bankruptcy Code §§ 363(b) and (f), pending further order of this Court; and it is further

ORDERED that Debtors and the Consenting Defendants shall execute any and all documents necessary to convey marketable title to the Properties as reasonably required by the purchaser or a title insurance company; and it is further

ORDERED that, with respect to those Properties subject to the NewBridge Deeds of Trust, NewBridge may credit bid up to the full amount of the respective NewBridge Obligation for each such Property. If the NewBridge credit bid is the highest bid for a Property, NewBridge shall not be liable for any costs or expenses of sale, but NewBridge shall pay (or such Property shall be conveyed subject to) any outstanding ad valorem property taxes with respect to such Property. NewBridge shall be exempt from the 20% cash deposit requirement with respect to any credit bid; and it is further

ORDERED that, with respect to those Properties subject to the NewBridge Deeds of

7

Trust, Bank of the Carolinas may also credit bid, provided that if the Bank of the Carolinas' credit bid is the highest bid for a Property, Bank of the Carolinas shall pay any outstanding ad valorem property taxes with respect to such Property, the respective NewBridge Obligation, and the costs of sale. Bank of the Carolinas shall be exempt from the 20% cash deposit requirement with respect to any credit bid; and it is further

ORDERED that, with respect to the 66.49 Acres and the 15.6 Acres, Bank of the Carolinas may credit bid up to the full amount of the indebtedness evidenced by the promissory note dated February 10, 2006 described in the Sale Motion. If the Bank of the Carolinas' credit bid is the highest bid for a Property, Bank of the Carolinas shall pay any outstanding ad valorem property taxes with respect to such Property and the costs of sale. Bank of the Carolinas shall be exempt from the 20% cash deposit requirement with respect to any credit bid; and it is further

ORDERED that each Property shall be sold and the sale proceeds accounted for separately, and the "Net Sales Proceeds" derived from each Property shall mean the sale proceeds remaining after payment or provision for the following:

> i. With respect to each of the Properties subject to the NewBridge Deeds of Trust, payment of the NewBridge Obligations from the sale proceeds received from each such Property;
>
> ii. With respect to the 66.49 Acres and/or the 15.6 Acres, payment in full, at closing, of indebtedness evidenced by the promissory note in favor of Bank of the Carolinas dated February 10, 2006 from the sale proceeds received from each such Property;
>
> iii. Payment in full, at closing, of the auctioneer's commissions and expenses;

      iv. Payment in full, at closing, of applicable *ad valorem* property taxes, except with respect to Properties acquired by NewBridge or Bank of the Carolinas by credit bid; and

      v. Usual and customary closing costs (i. through v. shall be referred to as the "Closing Disbursements"); and it is further

ORDERED that the Net Sales Proceeds shall be held by Gene B. Tarr, Special Counsel to the Chapter 11 Trustee, in a segregated or trust account, pending further order of this Court; and it is further

ORDERED that, upon being deemed the highest bidder at the Sale, the highest bidder for each Property shall execute a purchase contract for the Property, and a sworn representation that (i) its bid was submitted pursuant to the terms and conditions of this Order, and (ii) that the bidding was not pursuant to any improper collusive bidding practices, or other action in violation of 11 U.S.C. § 363(n); and it is further

ORDERED that upon being deemed the highest bidder at the Sale, the highest bidder (with the exception of NewBridge and Bank of the Carolinas) shall cause to be deposited with Iron Horse an amount equal to twenty percent (20%) of its bid. Said deposit shall be submitted to and shall constitute good and available funds on deposit with Iron Horse on or before noon of the day prior to the Final Sale Hearing (defined hereinbelow); and it is further

ORDERED that the bid of the highest bidder is subject to Court approval at the Final Sale Hearing; and it is further

ORDERED that a final sale hearing will be held on June 28, 2011 at 9:30 a.m. at the United States Bankruptcy Court, 101 S. Edgeworth Street, Second Floor, Courtroom No. 1, Greensboro, North Carolina, to confirm that the procedures set forth in this Order have been

9

Case 09-50140    Doc 932    Filed 05/25/11    Page 9 of 12

followed, that the Sale was conducted in accordance with this Order, and to make such findings as are necessary to provide the highest bidder with an order that properly passes title in accordance with the terms and conditions of this Order (the "Final Sale Hearing"); and it is further

ORDERED that the closing date shall be deemed to be the date upon which the consideration is paid and all closing documents are signed, which closing may take place immediately after the Final Sale Hearing but must occur within ten (10) days of the Final Sale Hearing, i.e., on or before July 8, 2011; and it is further

ORDERED that a sale conducted pursuant to the procedures approved herein shall result in the respective Property being sold to the highest bidder as a good-faith purchaser and said purchaser shall acquire all rights as can be conveyed pursuant to 11 U.S.C. § 363 including, but not limited to, the rights of a good faith purchaser pursuant to 11 U.S.C. § 363(m); and it is further

ORDERED that this Court shall retain exclusive jurisdiction to resolve any disputes which may arise concerning the auction procedures or other issues related to the Sale or in connection with this Order; and it is further

ORDERED that notice of the Sale shall be given pursuant to Bankruptcy Rule 2002(a)(2).

PARTIES TO BE SERVED
PAGE 1 0F 2
CASE NO. 09-50140

| | |
|---|---|
| Michael D. West, Esq.<br>U.S. Bankruptcy Administrator<br>P.O. Box 1828<br>Greensboro, NC 27402-1828 | Richard L. Harrison, Esq.<br>Melissa L. Trippe, Esq.<br>N.C. Department of Justice<br>P.O. Box 629<br>Raleigh, NC 27602 |
| Robyn R. C. Whitman, Esq.<br>P.O. Box 1828<br>Greensboro, NC 27402-1828 | Rebecca A. Leigh, Esq.<br>301 S. Greene Street, Suite 201<br>Greensboro, NC 27401 |
| Patricia Molteni, Esq.<br>Karen Cordry, Esq.<br>National Association of Attorneys General<br>2030 M Street NW, 8th Floor<br>Washington, DC 20036 | Kenneth M. Greene, Esq.<br>Attorney for Hauni Richmond, Inc.<br>Carruthers & Roth, PA<br>235 N. Edgeworth Street<br>Greensboro, NC 27401 |
| Gregory B. Crampton, Esq.<br>Attorney for NAAG<br>Nicholls & Crampton, PA<br>P.O. Box 18237<br>Raleigh, NC 27619 | Stephen R. Lundeen, Esq.<br>Attorney for Hauni Richmond, Inc.<br>Wille, Gregory & Lundeen LLP<br>207 East Michigan Street, Suite 410<br>Milwaukee, WI 53092 |
| Joseph N. Callaway, Esq.<br>Attorney for NC Filter Corporation<br>and Tobacco Rag Processors<br>Battle, Winslow Scott & Wiley, P.A.<br>P.O. Box 7100<br>Rocky Mount, NC 27804-0100 | John A. Northen, Esq.<br>Vicki L. Parrott, Esq.<br>Northen Blue, LLP<br>P.O. Box 2208<br>Chapel Hill, NC 27515-2208 |
| Paul A. Fanning, Esq.<br>Ward and Smith, PA<br>Bank of the Carolinas<br>P.O. Box 8088<br>Greenville, NC 27835-8088 | Lisa P. Sumner, Esq.<br>Attorney for Alliance One International, Inc.<br>Poyner & Spruill, LLP<br>P.O. Box 1801<br>Raleigh, NC 27602 |
| Stuart C. Gauffreau, Esq.<br>Attorney for Carolina Bank<br>Hagan Davis Mangum, et al.<br>300 N. Greene Street, Suite 200<br>Greensboro, NC 27401 | Gina Baker Hantel<br>Tennessee Department of Revenue<br>c/o TN Attorney General's Office<br>Bankruptcy Division<br>P.O. Box 20207<br>Nashville, TN 37202-0207 |

PARTIES TO BE SERVED
PAGE 2 0F 2
CASE NO. 09-50140

Jett Corr, Inc. d/b/a Pratt Industries USA
c/o Dawn Barker Floyd, Esq.
Shumaker, Loop & Kendrick, LLP
128 S. Tryon Street, Suite 1800
Charlotte, NC 28202-5013

Angela R. Collins, Esq.
Riezman Berger, PC
7700 Bonhomme, 7th Floor
St. Louis, MO 63105

G. Gray Wilson, Esq.
Wilson Helms & Cartledge, LLP
110 Oakwood Dr., Suite 400
Winston-Salem, NC 27103

Gerald A. Jeutter, Jr., Esq.
P.O. Box 12585
Raleigh, NC 27605

Peter L. Tourtellot, Ch. 11 Trustee
Anderson Bauman Tourtellot Vos
P.O. Box 2338
Greensboro, NC 27402

James C. Lanik, Esq.
Attorney for Maxus Capital Group, LLC
Roberson Haworth & Reese, PLLC
P.O. Box 1550
High Point, NC 27261

Charles M. Ivey, Esq.
Ivey, McClellan, Gatton & Talcott, L.L.P.
P. O. Box 3324
Greensboro, NC 27402-3324

Walter W. Pitt, Jr., Esq.
Bell, Davis & Pitt, P.A.
P.O. Box 21029
Winston-Salem, NC 27120-1029

G. Thompson Miller, Esq.
P.O. Box 1657
Lexington, NC 27293-1657

Trustee Services, Inc.
c/o Charles McGirt, Esq.
Trustee Services, Inc.
P.O. Box 1657
Lexington, NC 27293-1657

Susan Curwood, Esq.
Commonwealth of Virginia
Office of the Attorney General
900 East Main St.
Richmond, VA 23219