UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Case Number 09-50140 |
| RENEGADE HOLDINGS, INC., et al, | § | Consolidated for Administration |
| | § | Chapter 11 |
| Debtors. | § | |

**ORDER APPROVING EMPLOYMENT OF IRON HORSE AUCTION CO., INC.
AS AUCTIONEER FOR CERTAIN PROPERTIES**

This cause came before the Court on May 17, 2011, upon application filed April 22, 2011 by Peter L. Tourtellot, Chapter 11 Trustee for Renegade Holdings, Inc., Alternative Brands, Inc., and Renegade Tobacco Company ("Debtors") pursuant to § 327 of Title 11 of the United States Code, 11 U.S.C. § 101, *et seq*. (the "Bankruptcy Code") and Rules 2014 and 6005 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order approving Debtors' employment of Iron Horse Auction Co., Inc. as auctioneer for certain real property located in Davie County, North Carolina (the "Application"). By separate motion filed April 22, 2011, Debtors sought court approval of the sale of the real property (the "Sale Motion").

The Court has jurisdiction to consider the Application and to grant the relief provided herein in accordance with 28 U.S.C. §§ 157 and 1334.

Notice of the hearing on the Application was properly served on all parties in interest pursuant to the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules. No other or further notice need be provided.

Appearing at the hearing on the Application were Robyn R. C. Whitman, Esq., on behalf of the Bankruptcy Administrator for the Middle District of North Carolina, John A. Northen, Special Counsel to the Chapter 11 Trustee, Paul A. Fanning, counsel to Bank of the Carolinas, G.

Gray Wilson, counsel to the defendants in adversary proceeding no. 10-06053, and Gene B. Tarr, Special Counsel to the Chapter 11 Trustee.

No objections to the Application were filed and none were raised at the hearing.

Upon consideration of the Application, the representations of counsel, the record in this case and with the consent of the parties, the Court makes the following findings of fact and conclusions of law:

1. On January 28, 2009 ("Petition Date"), Renegade Holdings, Inc., Renegade Tobacco Company, and Alternative Brands, Inc. filed voluntary petitions seeking relief under Chapter 11 of the United States Bankruptcy Code and orders for relief were entered thereon.

2. After the Petition Date, Debtors continued in possession of their respective assets and operated their businesses as debtors-in-possession. By order entered August 18, 2010, the Court appointed Peter L. Tourtellot ("Trustee") as Chapter 11 Trustee for Debtors.

3. On September 23, 2010, Debtors commenced Adversary Proceeding No. 10-06053 against Calvin A. Phelps, Lisa Yamaoka a/k/a Lisa Phelps, and other defendants ("Adversary Proceeding").

4. In the Adversary Proceeding, Debtors filed a verified complaint to avoid and recover fraudulent transfers pursuant to 11 U.S.C. §§ 541, 544, 548, and 550 and N.C.Gen.Stat. § 39-23.4, for imposition of a constructive trust on, *inter alia*, the Properties (as hereinafter defined) and for other relief pursuant to applicable North Carolina law.

5. On September 24, 2010, Debtors moved the Court for entry of an order of attachment against Defendants. On September 24, 2010, the Court entered its order granting the attachment motion.

6. On September 28, 2010, the Clerk of this Court issued a Writ of Attachment which provided that the Trustee shall act as substitute custodian of the attached property on

behalf of this Court.

7.  Calvin A. Phelps ("Mr. Phelps") and Lisa A. Yamaoka ("Ms. Yamaoka") consent to the sale of the Properties before judgment in the Adversary Proceeding.

8.  Mr. Phelps, individually, and Mr. Phelps and Ms. Yamaoka, as tenants by the entireties, are record owners of the following real property (collectively referred to as the "Properties" or individually as a "Property"):

> (a) Three (3) parcels consisting of 310.57 +/- acres of adjoining land located on NC Hwy 801 and US Hwy 64 in Davie County, North Carolina with frontage on the Yadkin River and consisting of the following acreages:
>
>> (i) 228.48 +/- acres, Parcel# 5777870922, as described in Book 315, Page 3 of the Davie County Registry (Mr. Phelps as record owner);
>>
>> (ii) 66.49 +/- acres, Parcel# 5777994297, as described in Book 648, Page 352 of the Davie County Registry (Mr. Phelps and Ms. Yamaoka, as tenants by the entireties, as record owner); and
>>
>> (iii) 15.6 +/- acres, Parcel# 5788005450, as described in Book 648, Page 355 of the Davie County Registry (Mr. Phelps and Ms. Yamaoka, as tenants by the entireties, as record owner);
>
> (b) One (1) parcel consisting of 27.828 +/- acres located off US Hwy 601 North on Allen Road in Davie County, North Carolina, partially cleared and currently in crop production, Parcel# 5729587793, as described in Book 454, Page 60 of the Davie County Registry (Mr. Phelps as record owner); and
>
> (c) Two (2) adjoining parcels in Davie County, North Carolina consisting of the following acreages:
>
>> (i) 1.624 +/- acres with a brick building with frontage on US Hwy 601 South, Parcel# 5746515059, as described in Book 410, Page 941 of the Davie County Registry (Mr. Phelps as record owner); and
>>
>> (ii) .727 +/- acres with a wooden structure not in current use and appears abandoned with frontage on NC Hwy 801, Parcel# 5746514369, as described in Book 410, Page 943 of the Davie County Registry (Mr. Phelps as record owner).

9.  As set forth in the Sale Motion, Debtors, with the consent of Mr. Phelps and Ms.

Yamaoka, have determined that a public auction of the Properties is the most effective method of maximizing the sales proceeds from sale of the Properties.

10. Debtors desire to employ Iron Horse Auction Co., Inc. ("Iron Horse") to market the Properties, and to conduct a sale, by means of a public auction. At the hearing, the parties agreed that, in order to allow sufficient time for advertising, the public auction should be held at 6:00 p.m. on Thursday, June 23, 2011 (the "Sale"), which the Court approved.

11. The Court has the authority to approve Debtors' employment of Iron Horse and to approve compensation to Iron Horse in accordance with Bankruptcy Code §§ 327 and 330.

12. Section 327(a) of the Bankruptcy Code provides that the trustee, with the court's approval, may employ an auctioneer that does not hold or represent an interest adverse to the estate, and that is a disinterested person, to assist the trustee in carrying out the trustee's duties.

13. Debtors met the requirements of Bankruptcy Rule 2014(a) for the employment of Iron Horse by setting forth in the Application the required criteria, including, among other items, the facts demonstrating the necessity for the employment, the reasons for the selection, the professional services to be rendered, and the arrangement for compensation.

14. As shown by the Affidavit of Thomas McInnis attached to the Application as Exhibit A, Iron Horse is experienced in matters of this nature, has auctioned and sold similar real property in the same geographic area in which the Properties are located, is a disinterested person within the meaning of § 327(a) of the Bankruptcy Code, does not hold or represent an interest adverse to Debtors' estates, and is qualified to serve as auctioneer. As set forth in the Auction Marketing Agreement, attached to the Application as Exhibit B ("Auction Marketing Agreement"), Iron Horse agreed to comply with Bankruptcy Rule 6004(f)(1).

15. Paragraph 6 of the Auction Marketing Agreement mistakenly referenced paragraphs 13 and 18. Paragraph 6 should have referenced paragraphs 14 and 19 and shall be

4

revised accordingly prior to execution.

NOW THEREFORE, for good and sufficient cause shown, it is hereby

ORDERED that Debtors' employment of Iron Horse Auction Co., Inc., as auctioneer to perform the professional services set forth in the Auction Marketing Agreement, is approved; and it is further

ORDERED that Debtors are authorized to enter the Auction Marketing Agreement; and it is further

ORDERED that sales proceeds sufficient to compensate Iron Horse in accordance with the terms of the Auction Marketing Agreement shall be held by Gene B. Tarr, Special Counsel to the Chapter 11 Trustee, in a segregated or trust account, pending approval by this Court after notice and hearing; and it is further

ORDERED that this Court shall retain exclusive jurisdiction to resolve any disputes which may arise concerning the employment of Iron Horse, or in connection with this Order.

PARTIES TO BE SERVED
PAGE 1 0F 2
CASE NO. 09-50140

Michael D. West, Esq.
U.S. Bankruptcy Administrator
P.O. Box 1828
Greensboro, NC 27402-1828

Robyn R. C. Whitman, Esq.
P.O. Box 1828
Greensboro, NC 27402-1828

Patricia Molteni, Esq.
Karen Cordry, Esq.
National Association of Attorneys General
2030 M Street NW, 8th Floor
Washington, DC 20036

Gregory B. Crampton, Esq.
Attorney for NAAG
Nicholls & Crampton, PA
P.O. Box 18237
Raleigh, NC 27619

Joseph N. Callaway, Esq.
Attorney for NC Filter Corporation
and Tobacco Rag Processors
Battle, Winslow Scott & Wiley, P.A.
P.O. Box 7100
Rocky Mount, NC 27804-0100

Paul A. Fanning, Esq.
Ward and Smith, PA
Bank of the Carolinas
P.O. Box 8088
Greenville, NC 27835-8088

Stuart C. Gauffreau, Esq.
Attorney for Carolina Bank
Hagan Davis Mangum, et al.
300 N. Greene Street, Suite 200
Greensboro, NC 27401

Richard L. Harrison, Esq.
Melissa L. Trippe, Esq.
N.C. Department of Justice
P.O. Box 629
Raleigh, NC 27602

Rebecca A. Leigh, Esq.
301 S. Greene Street, Suite 201
Greensboro, NC 27401

Kenneth M. Greene, Esq.
Attorney for Hauni Richmond, Inc.
Carruthers & Roth, PA
235 N. Edgeworth Street
Greensboro, NC 27401

Stephen R. Lundeen, Esq.
Attorney for Hauni Richmond, Inc.
Wille, Gregory & Lundeen LLP
207 East Michigan Street, Suite 410
Milwaukee, WI 53092

John A. Northen, Esq.
Vicki L. Parrott, Esq.
Northen Blue, LLP
P.O. Box 2208
Chapel Hill, NC 27515-2208

Lisa P. Sumner, Esq.
Attorney for Alliance One International, Inc.
Poyner & Spruill, LLP
P.O. Box 1801
Raleigh, NC 27602

Gina Baker Hantel
Tennessee Department of Revenue
c/o TN Attorney General's Office
Bankruptcy Division
P.O. Box 20207
Nashville, TN 37202-0207

PARTIES TO BE SERVED
PAGE 2 0F 2
CASE NO. 09-50140

Jett Corr, Inc. d/b/a Pratt Industries USA
c/o Dawn Barker Floyd, Esq.
Shumaker, Loop & Kendrick, LLP
128 S. Tryon Street, Suite 1800
Charlotte, NC 28202-5013

Angela R. Collins, Esq.
Riezman Berger, PC
7700 Bonhomme, 7th Floor
St. Louis, MO 63105

G. Gray Wilson, Esq.
Wilson Helms & Cartledge, LLP
110 Oakwood Dr., Suite 400
Winston-Salem, NC 27103

Gerald A. Jeutter, Jr., Esq.
P.O. Box 12585
Raleigh, NC 27605

Peter L. Tourtellot, Ch. 11 Trustee
Anderson Bauman Tourtellot Vos
P.O. Box 2338
Greensboro, NC 27402

James C. Lanik, Esq.
Attorney for Maxus Capital Group, LLC
Roberson Haworth & Reese, PLLC
P.O. Box 1550
High Point, NC 27261

Charles M. Ivey, Esq.
Ivey, McClellan, Gatton & Talcott, L.L.P.
P. O. Box 3324
Greensboro, NC 27402-3324

Walter W. Pitt, Jr., Esq.
Bell, Davis & Pitt, P.A.
P.O. Box 21029
Winston-Salem, NC 27120-1029

G. Thompson Miller, Esq.
P.O. Box 1657
Lexington, NC 27293-1657

Trustee Services, Inc.
c/o Charles McGirt, Esq.
Trustee Services, Inc.
P.O. Box 1657
Lexington, NC 27293-1657

Susan Curwood, Esq.
Commonwealth of Virginia
Office of the Attorney General
900 East Main St.
Richmond, VA 23219