| | | |
|---|---|---|
| IN RE: | § | |
| | § | Case Number 09-50140 |
| RENEGADE HOLDINGS, INC., et al, | § | Consolidated for Administration |
| | § | Chapter 11 |
| Debtors. | § | |

**AMENDED[1] ORDER (i) CONFIRMING SALES OF CERTAIN REAL PROPERTY LOCATED IN DAVIE COUNTY, NORTH CAROLINA TO PARTIES THAT SUBMITTED THE HIGHEST BIDS AT AUCTION ON JUNE 23, 2011, FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS; AND (ii) AUTHORIZING CLOSING ON SALE OF CERTAIN REAL PROPERTY**

This cause came before the Court on June 28, 2011, pursuant to the Order (A) Authorizing and Scheduling a Public Auction for the Sale of Certain Real Property Located in Davie County, North Carolina; (B) Authorizing the Sale of the Real Property Free and Clear of All Liens, Claims, Encumbrances and Other Interests and Transferring Such to the Proceeds Of Sale; and (C) Scheduling a Hearing to Consider Approval of Such Sale to the Party Submitting the Highest Bid entered May 25, 2011 ("Order Authorizing Auction Sale") [Docket No. 932], and the motion filed April 22, 2011 by Peter L. Tourtellot, Chapter 11 Trustee for Renegade Holdings, Inc., Alternative Brands, Inc., and Renegade Tobacco Company ("Debtors") ("Sale Motion") [Docket No. 893]. Pursuant to the Order Authorizing Auction Sale and the Sale Motion, Debtors seek the entry of an order:

(i) finding and concluding that the auction sale was conducted in compliance with the procedures set forth in the Order Authorizing Auction Sale;

(ii) approving the sale of the Properties (hereinafter defined) to the bidders submitting the

---

[1] This Amended Order is being entered to reflect that Net Sales Proceeds, as defined herein shall be held by Ashley S. Rusher and the firm of Blanco Tackabery & Matamoros, PA, Special Counsel, rather than Gene B. Tarr, Special Counsel, as reflected in the Original Order entered July 13, 2011, due to the intervening death of Mr. Tarr on July 13, 2011.

highest bids;

(iii) finding and concluding that the highest bidders are good-faith purchasers and acquire all rights as can be conveyed pursuant to § 363 of Title 11 of the United States Code, 11 U.S.C. § 101, et seq. (the "Bankruptcy Code") including, but not limited to, the rights of a good faith purchaser pursuant to Bankruptcy Code § 363(m);

(iv) finding and concluding that the closing date be deemed to be the date upon which the consideration is paid and all closing documents are signed ("Closing");

(v) authorizing certain disbursements and set-asides from the gross proceeds of sale;

(vi) authorizing and directing Calvin A. Phelps and Lisa A. Yamaoka ("Consenting Defendants") and Debtors to execute any and all documents (including, without limitation, a special warranty deed and non-foreign affidavit) necessary to convey marketable title to the Properties as reasonably required by each purchaser or its respective title insurance company; and

(vii) waiving the 14 day stay pursuant to Rule 6004(h) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

The Court has jurisdiction to consider the Sale Motion and to grant the relief provided herein in accordance with 28 U.S.C. §§ 157 and 1334.

Notice of the June 28, 2011 hearing ("Final Sale Hearing") and the Notice of Sale were properly served on all parties in interest pursuant to the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules. No other or further notice need be provided. The Notice of Sale was served pursuant to Bankruptcy Rule 2002(a)(2) on June 2, 2011.

Debtors filed a Report of Auction on June 24, 2011 [Docket No. 955], pursuant to Bankruptcy Rule 6004(f)(1).

Appearing at the Final Sale Hearing were Robert E. Price, on behalf of the Bankruptcy

Administrator for the Middle District of North Carolina; John A. Northen, Debtors' counsel; Paul A. Fanning, counsel to Bank of the Carolinas; Charles M. Ivey, III, counsel to PTM Technologies, Inc.; Patricia Molteni, counsel to the State of North Carolina and other states who are signatories to the 1998 Tobacco Master Settlement Agreement; and Gene B. Tarr, Special Counsel to the Chapter 11 Trustee.

No objections to the auction sale, to the high bids accepted at the auction sale, or to the Report of Auction were filed, and none were raised at the Final Sale Hearing.

Debtors proffered the testimony of Thomas M. McInnis, Senior Vice President and Chief Operating Officer of Iron Horse, and the Chapter 11 Trustee, both of whom attended the auction sale. No party objected to the proffered testimony, all parties were given an opportunity to examine Mr. McInnis and the Chapter 11 Trustee, and no party elected to examine them. Accordingly, the Court accepts the proffered testimony of Mr. McInnis and the Chapter 11 Trustee ("Proffered Evidence"). Based upon the Proffered Evidence, the Sale Motion, the Report of Auction, the representations of counsel at the hearing, the lack of objections to the relief requested, and the record in this case, the Court makes the following findings of fact and conclusions of law:

1. The auction sale was conducted by Iron Horse and held on Thursday, June 23, 2011 at 6:00 p.m. at the Davie County Senior Center, 278 Meroney Street, Mocksville, NC 27028.

2. The marketing techniques used for the auction sale were those described in the Auction Marketing Agreement attached to the Sale Motion as Exhibit A and approved by this Court in the Order Authorizing Auction Sale.

3. The real property sold at the auction sale (collectively referred to as the "Properties") was:

(a) Three (3) parcels consisting of 310.57 +/- acres of adjoining land located on NC Hwy 801 and US Hwy 64 in Davie County, North Carolina with frontage on the Yadkin River and consisting of the following acreages:

(i) 228.48 +/- acres, Parcel# 5777870922, as described in Book 315, Page 3 of the Davie County Registry;

(ii) 66.49 +/- acres, Parcel# 5777994297, as described in Book 648, Page 352 of the Davie County Registry; and

(iii) 15.6 +/- acres, Parcel# 5788005450, as described in Book 648, Page 355 of the Davie County Registry;

(b) One (1) parcel consisting of 27.828 +/- acres located off US Hwy 601 North on Allen Road in Davie County, North Carolina, partially cleared and currently in crop production, Parcel# 5729587793, as described in Book 454, Page 60 of the Davie County Registry; and

(c) Two (2) adjoining parcels in Davie County, North Carolina consisting of the following acreages:

(i) 1.624 +/- acres with a brick building with frontage on US Hwy 601 South, Parcel# 5746515059, as described in Book 410, Page 941 of the Davie County Registry; and

(ii) .727 +/- acres with a wooden structure not in current use and appears abandoned with frontage on NC Hwy 801, Parcel# 5746514369, as described in Book 410, Page 943 of the Davie County.

4. Pursuant to the Order Authorizing Auction Sale, the Properties were sold free and clear of all liens, claims, encumbrances and other interests (together, the "Interests"), with any such Interests, including without limitation the interests of Debtors and the Consenting Defendants, transferred to the proceeds of sale pursuant to Bankruptcy Code §§ 363(b) and (f), pending further order of this Court.

5. As detailed in the Report of Auction, Webster Swicegood, as agent, Justin M. Carter, and James E. Ruddock (collectively referred to herein as the "Purchasers" or individually as a "Purchaser"), submitted the highest bids for the Properties.

6. Mr. Swicegood submitted the highest and best bid for the Properties in paragraph 3(a) above in the amount of $1,125,000.00.

7.  Mr. Carter submitted the highest and best bid for the Properties in paragraph 3(b) above in the amount of $160,000.00.

8.  Mr. Ruddock submitted the highest and best bid for the Properties in paragraph 3(c) above in the amount of $76,000.00.

9.  Each Purchaser executed a purchase contract consistent with their respective high bid (each, a "Purchase Contract") and a sworn declaration that their highest bid was submitted pursuant to the terms and conditions of the Order Authorizing Auction Sale, and that the bidding was not pursuant to any improper collusive bidding practices, or other action in violation of Bankruptcy Code § 363(n).

10. The gross price for the Properties, excluding the 7% buyer's bid premium, was $1,361,000.00.

11. The Purchasers caused to be deposited with Iron Horse good funds in an amount equal to twenty percent (20%) of their bids.

12. The following parties claim interests in one or more of the Properties:

(a)  **_Ad Valorem_ Property Taxes.** *Ad valorem* property taxes for each of the Properties for 2010 are past due, and such taxes for 2011 are a lien but not yet determined in amount nor are the seller's pro-rata portion of such taxes due or payable at this time.

(b)  **NewBridge Bank f/k/a Lexington State Bank ("NewBridge")**. Except for the 66.49 Acres and the 15.6 Acres, the Properties are subject to first lien deeds of trust in favor of NewBridge. The deeds of trust (collectively referred to herein as the "NewBridge Deeds of Trust") secure obligations of Mr. Phelps and/or Alternative Brands, Inc. to NewBridge as described in the Sale Motion (the "NewBridge Obligations").

(c)  **Bank of the Carolinas**.

5

Case 09-50140    Doc 967    Filed 07/14/11    Page 5 of 11

(i) **First Lien Deed of Trust**. The 66.49 Acres and the 15.6 Acres are subject to a first lien deed of trust in favor of Bank of the Carolinas (the "Bank of the Carolinas First Lien Deed of Trust").

(ii) **Junior Lien Deeds of Trust**. Each of the other Properties, i.e., the Properties subject to the NewBridge Deeds of Trust, is described in one or more deeds of trust in favor of Bank of the Carolinas, and appears to secure obligations of Mr. Phelps, Alternative Brands, Inc., and/or Renegade Holdings, Inc. to Bank of the Carolinas (collectively referred to herein as the "Bank of the Carolinas Junior Lien Deeds of Trust"). Bank of the Carolinas consents to the relief granted herein, and has agreed to release the Bank of the Carolinas Junior Lien Deeds of Trust and the Bank of the Carolinas February 10, 2006 Deed of Trust for the sales prices approved by the Court, provided that the Bank of the Carolinas Junior Lien Deeds of Trust and all liens, claims, encumbrances and other interests are transferred to the Net Sales Proceeds (as defined hereinbelow), and that the Net Sales Proceeds are held pending further order of this Court.

13. Carolina Bank transcribed a judgment to Davie County against Mr. Phelps (among others) on December 9, 2010. Carolina Bank consents to the relief granted herein.

14. At hearing, the parties agreed, and the Court approved, that in order to allow sufficient time for surveys of the Properties, Closing may take place within a reasonable time acceptable to the Trustee, estimated to be by the end of July 2011, but must occur upon tender of the Trustee's Deed (special warranty deed and non-foreign affidavit) to the respective Purchaser.

15. The auction sale generated estimated Net Sales Proceeds in excess of the amounts due to the taxing authorities and due under the NewBridge Obligations and the Bank of the Carolinas First Lien Deed of Trust.

16. The procedures set forth in the Order Authorizing Auction Sale were followed, and the auction sale was conducted in accordance with the Order Authorizing Auction Sale.

17. Good cause exists, and it is in the best interests of the bankruptcy estates for the Court to confirm the sale of the Properties as set forth in the Purchase Contracts.

18. The Court has the authority to approve the Purchase Contracts pursuant to Bankruptcy Code §§ 105, 363 and 541, and Bankruptcy Rule 6004.

NOW THEREFORE, for good and sufficient cause appearing, it is hereby

ORDERED that each Purchase Contract is approved; and it is further

ORDERED that, upon Closing, each Purchaser shall acquire all rights that can be conveyed pursuant to Bankruptcy Code § 363 including, but not limited to, the rights of a good faith purchaser pursuant to Bankruptcy Code § 363(m); and it is further

ORDERED that Debtors and the Consenting Defendants shall execute any and all documents necessary to convey marketable title to the Properties as reasonably required by the Purchaser or a title insurance company; and it is further

ORDERED that Debtors are authorized and directed to disburse from the gross sales proceeds at Closing, or to hold from the gross sales proceeds at Closing, the following items, leaving the remainder as the "Net Sales Proceeds" to be held pending further order of this Court:

> i. With respect to each of the Properties subject to the NewBridge Deeds of Trust, payment in full of the NewBridge Obligations, subject to (i) holding in escrow any amount which may be in dispute as to whether or not it is secured by the subject Property, and (ii) paying NewBridge's reasonable attorneys' fees and costs in such amount as may be approved by the Ch. 11 Trustee or, in the event of any disagreement, by the Court after notice and hearing;

ii. With respect to the 66.49 Acres and/or the 15.6 Acres, payment in full of the indebtedness evidenced by the promissory note in favor of Bank of the Carolinas dated February 10, 2006, subject to (i) holding in escrow any amount which may be in dispute as to whether or not it is secured by the subject Property, and (ii) paying Bank of the Carolinas' reasonable attorneys' fees and costs in such amount as may be approved by the Ch. 11 Trustee or, in the event of any disagreement, by the Court after notice and hearing;

iii. Debtors shall deduct from the gross sales proceeds of all Properties and hold for the benefit of Iron Horse, an amount sufficient to compensate Iron Horse in accordance with the terms of the Auction Marketing Agreement to include auctioneer's commissions in the amount of $40,830, advertising expenses in the amount of $12,500, and expenses in preparation for the auction sale in the amount of $599. This amount shall be held by Ashley S. Rusher and the firm of Blanco Tackabery & Matamoros, PA, Special Counsel to the Chapter 11 Trustee, pending the Court's approval of Iron Horse's fee application;

iv. Payment in full, at Closing, of applicable *ad valorem* property taxes in the approximate amount of $2,194.94 for 2010, and payment of seller's pro-rata share of 2011 *ad valorem* property taxes when they become due and payable; and

v. Usual and customary closing costs, such as deed stamps (i. through v. shall be referred to as the "Closing Disbursements"); and it is further

8
Case 09-50140    Doc 967    Filed 07/14/11    Page 8 of 11

ORDERED that the Net Sales Proceeds shall be held by Ashley S. Rusher and the firm of Blanco Tackabery & Matamoros, PA, Special Counsel to the Chapter 11 Trustee, in a segregated or trust account, pending further order of this Court; and it is further

ORDERED that the closing date shall be deemed to be the date upon which the consideration is paid and all Closing Documents are signed, which Closings shall take place within a reasonable time acceptable to the Trustee, estimated to be by the end of July 2011, but which must occur upon tender of the Trustee's Deed (special warranty deed and non-foreign affidavit) to the respective Purchaser; and it is further

ORDERED that the 14 day stay pursuant to Bankruptcy Rule 6004(h) is waived; and it is further

ORDERED that Debtors shall file a report of sale after all Closings occur to provide a complete list of the Closing Disbursements and the amount of Net Sales Proceeds held by Ashley S. Rusher and the firm of Blanco Tackabery & Matamoros, PA, Special Counsel to the Ch. 11 Trustee; and it is further

ORDERED that this Court shall retain exclusive jurisdiction to resolve any disputes which may arise concerning the auction procedures, Purchase Contracts, deposits, or other issues related to the auction sale or in connection with this Order.

PARTIES TO BE SERVED
PAGE 1 0F 2
CASE NO. 09-50140

Michael D. West, Esq.
U.S. Bankruptcy Administrator
P.O. Box 1828
Greensboro, NC 27402-1828

Robyn R. C. Whitman, Esq.
P.O. Box 1828
Greensboro, NC 27402-1828

Patricia Molteni, Esq.
Karen Cordry, Esq.
National Association of Attorneys General
2030 M Street NW, 8th Floor
Washington, DC 20036

Gregory B. Crampton, Esq.
Attorney for NAAG
Nicholls & Crampton, PA
P.O. Box 18237
Raleigh, NC 27619

Joseph N. Callaway, Esq.
Attorney for NC Filter Corporation
and Tobacco Rag Processors
Battle, Winslow Scott & Wiley, P.A.
P.O. Box 7100
Rocky Mount, NC 27804-0100

Paul A. Fanning, Esq.
Ward and Smith, PA
Bank of the Carolinas
P.O. Box 8088
Greenville, NC 27835-8088

Stuart C. Gauffreau, Esq.
Attorney for Carolina Bank
Hagan Davis Mangum, et al.
300 N. Greene Street, Suite 200
Greensboro, NC 27401

Richard L. Harrison, Esq.
Melissa L. Trippe, Esq.
N.C. Department of Justice
P.O. Box 629
Raleigh, NC 27602

Rebecca A. Leigh, Esq.
301 S. Greene Street, Suite 201
Greensboro, NC 27401

Kenneth M. Greene, Esq.
Attorney for Hauni Richmond, Inc.
Carruthers & Roth, PA
235 N. Edgeworth Street
Greensboro, NC 27401

Stephen R. Lundeen, Esq.
Attorney for Hauni Richmond, Inc.
Wille, Gregory & Lundeen LLP
207 East Michigan Street, Suite 410
Milwaukee, WI 53092

John A. Northen, Esq.
Vicki L. Parrott, Esq.
Northen Blue, LLP
P.O. Box 2208
Chapel Hill, NC 27515-2208

Lisa P. Sumner, Esq.
Attorney for Alliance One International, Inc.
Poyner & Spruill, LLP
P.O. Box 1801
Raleigh, NC 27602

Gina Baker Hantel
Tennessee Department of Revenue
c/o TN Attorney General's Office
Bankruptcy Division
P.O. Box 20207
Nashville, TN 37202-0207

PARTIES TO BE SERVED
PAGE 1 0F 2
CASE NO. 09-50140

Jett Corr, Inc. d/b/a Pratt Industries USA
c/o Dawn Barker Floyd, Esq.
Shumaker, Loop & Kendrick, LLP
128 S. Tryon Street, Suite 1800
Charlotte, NC 28202-5013

Angela R. Collins, Esq.
Riezman Berger, PC
7700 Bonhomme, 7th Floor
St. Louis, MO 63105

G. Gray Wilson, Esq.
Wilson Helms & Cartledge, LLP
110 Oakwood Dr., Suite 400
Winston-Salem, NC  27103

Gerald A. Jeutter, Jr., Esq.
P.O. Box 12585
Raleigh, NC 27605

Peter L. Tourtellot, Ch. 11 Trustee
Anderson Bauman Tourtellot Vos
P.O. Box 2338
Greensboro, NC 27402

James C. Lanik, Esq.
Attorney for Maxus Capital Group, LLC
Roberson Haworth & Reese, PLLC
P.O. Box 1550
High Point, NC  27261

Charles M. Ivey, Esq.
Ivey, McClellan, Gatton & Talcott, L.L.P.
P. O. Box 3324
Greensboro, NC 27402-3324

Walter W. Pitt, Jr., Esq.
Bell, Davis & Pitt, P.A.
P.O. Box 21029
Winston-Salem, NC  27120-1029

G. Thompson Miller, Esq.
P.O. Box 1657
Lexington, NC  27293-1657

Trustee Services, Inc.
c/o Charles McGirt, Esq.
Trustee Services, Inc.
P.O. Box 1657
Lexington, NC 27293-1657

Susan Curwood, Esq.
Commonwealth of Virginia
Office of the Attorney General
900 East Main St.
Richmond, VA  23219

Ashley S. Rusher, Esq.
Blanco Tackabery & Matamoros, PA
P.O. Drawer 25008
Winston-Salem, NC 27114-5008