UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| IN THE MATTER OF:<br><br>Renegade Holdings, Inc., et al.,<br><br>    Debtors. | Case No. 09-50140<br>Consolidated for Administration<br>Chapter 11 |
| Peter L. Tourtellot, Trustee for Renegade Holdings, Inc., Alternative Brands, Inc. and Renegade Tobacco Company,<br>    Plaintiff,<br><br>vs.<br><br>Steven M. Williams,<br>    Defendant. | AP No. 11-06011 |
| ORDER GRANTING PLAINTIFF'S MOTION FOR APPROVAL OF A COMPROMISE AND SETTLEMENT | |

    THIS MATTER came before the Court after due notice to consider Plaintiff's Motion for Approval of a Compromise and Settlement ("Motion") pursuant to section 9019 of the Federal Rules of Bankruptcy Procedure. After considering the matters set forth in the Motion, the Court makes the following findings of fact and conclusions of law:

    1.    On January 28, 2009 (the "Petition Date"), Renegade Holdings, Inc. ("RHI"), Alternative Brands, Inc. ("ABI"), and Renegade Tobacco Company ("RTC", and along with RHI and ABI collectively referred to as the "Debtors") filed voluntary petitions seeking relief under Chapter 11 of the Bankruptcy Code, and orders for relief were entered in each proceeding. The cases have been consolidated for purposes of administration only by order entered on February 11, 2009.

    2.    From the Petition Date through August 18, 2010, the Debtors continued in possession of their respective assets and operated their businesses as debtors-in-possession. On August 18, 2010, the Court appointed Peter L. Tourtellot as Chapter 11 Trustee for the Debtors ("Trustee").

1

3. The Debtors are fabricators and distributors of tobacco products consisting primarily of cigarettes and cigars. RHI is the sole shareholder of ABI and RTC, and RHI, ABI and RTC each are North Carolina corporations. RHI is a wholly-owned subsidiary of Compliant Tobacco Company, LLC ("Compliant"), a North Carolina limited liability company. Calvin A. Phelps ("Phelps") is the sole manager and member of Compliant.

4. As of the Petition Date, Phelps served as the chief executive officer for each of the Debtors. Phelps resigned his position as an officer and director of the Debtors on June 25, 2010.

5. On or about August 11, 2010, one week before the appointment of the Trustee, Phelps caused the Debtors to execute an Executive Employment Agreement and an Escrow Account Amendment and Assignment Agreement with Defendant (collectively, the "Agreements") which purported to outline the terms and conditions of Defendant's employment as President of each of the Debtors. Phelps executed the Agreements as the "sole shareholder" of the Debtors.

6. The Escrow Account Amendment and Assignment Agreement (the "Assignment") purports to assign to Defendant ten percent (10%) of the principal of the Escrow Account (as that term is defined in the Assignment) owned by the Debtors, along with accumulated interest thereon subject to certain restrictions as set forth in the Assignment (collectively, the "Transfer").

7. After the Trustee was appointed on August 18, 2010, the Trustee terminated Defendant's purported employment with the Debtors.

8. On February 10, 2011, a complaint was filed by the Trustee on behalf of the Debtors for: (i) determination as to the validity of the Agreements; (ii) avoidance of the Transfer pursuant to 11 U.S.C. §549 of the Bankruptcy Code; and (iii) recovery of the Transfer pursuant to 11 U.S.C. §550(a) of the Bankruptcy Code.

9. After discussion and negotiation, the parties have agreed, subject to this Court's approval, to settle the Adversary Proceeding pursuant to the terms set forth in the Settlement Agreement attached to the Motion as Exhibit A ("Agreement").

Based upon the foregoing, the risks and costs inherent in any litigation, and the recommendation of the Trustee, the Court concludes that the proposed settlement is in the best interest of the Debtors' estates and creditors of the estates, and for good and sufficient reasons

appearing, IT IS HEREBY ORDERED that the Agreement between the parties is approved, and the Trustee is authorized to compromise and settle the claims brought against Defendant in this proceeding as set forth in the Motion and the Agreement.

Service List:

All parties on matrix.