UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| RENEGADE HOLDINGS, INC., ET AL., | ) | CASE NO.: 09-50140 |
| | ) | CHAPTER 11 |
| Debtors | ) | Consolidated for Administration |
| | ) | |

**BANK OF THE CAROLINA'S LIMITED OBJECTION TO
MOTION TO (A) APPROVE SALE OF SUBSTANTIALLY ALL ASSETS, (B)
ESTABLISH BIDDING PROCEDURES AND APPROVE BREAK-UP FEE, (C)
TRANSFER ANY AND ALL CLAIMS, LIENS, ENCUMBRANCES AND
INTERESTS IN SALE ASSETS TO PROCEEDS OF SALE, (D) APPROVE FORM
AND MANNER OF NOTICE OF SALE, (E) ASSUME AND ASSIGN CERTAIN
LEASES AND EXECUTORY CONTRACTS, AND (F) SCHEDULE HEARINGS
TO ESTABLISH SALES PROCEDURES AND CONFIRM SALE**

NOW COMES Bank of the Carolinas, by and through its undersigned counsel, and files this Limited Objection to the Motion to (A) Approve Sale of Substantially All Assets, (B) Establish Bidding Procedures and Approve Break-up Fee, (C) Transfer any and All Claims, Liens, Encumbrances and Interests in Sale Assets to Proceeds of Sale, (D) Approve Form and Manner of Notice of Sale, (E) Assume and Assign Certain Leases and Executory Contracts, and (F) Schedule Hearings to Establish Sales Procedures and Confirm Sale filed by the Trustee on July 20, 2011 (the "Sale Motion "). In support of this Objection, Bank of the Carolinas shows the Court as follows:

1. The Debtors filed their respective bankruptcy cases on January 28, 2009. On April 23, 2010, this Court entered an Order Confirming Amended Joint Plan of Reorganization, which was vacated by this Court's Order dated July 13, 2010 due to inadequate disclosure. The Debtors continue in possession of their respective assets and operate their businesses as debtors-in-possession. The Trustee was appointed on August 18, 2010.

2. Bank of the Carolinas is the largest secured creditor of the Debtors, a party in interest in this bankruptcy case and holder of valid liens against assets listed for sale in the Sale Motion.

3. Bank of the Carolinas does not dispute that this Court has jurisdiction over this matter and venue is proper.

4. As of September 27, 2011, Bank of the Carolinas was owed the aggregate sum of Three Million Forty-One Thousand Six Hundred and 61/100 Dollars ($3,041.600.61).[1] This balance is secured by, among other things, a validly perfected first lien on all of the Debtors' Equipment, Accounts Receivable, Inventory and Furniture and, importantly, all <u>earnings</u> from Alternative Brands, Inc.'s Qualified Escrow Fund ("QEF") including interest or other appreciation earned on the principal.

5. The Trustee filed the Sale Motion on July 20, 2011 requesting the Court to enter an Order: (i) approving the Bidding Procedures, including but not limited to approval of the Break-up Fee, (ii) approving the Notice of Sale (iii) making the Notice Finding, (iv) setting a deadline for any objections to the proposed sale, and (v) setting a date for the Sale Approval Hearing to hear all other aspects of the Sale Motion and to consider confirmation of the sale to the Buyer.

6. On August 19, 2011, this Court entered an Order to Establish Bidding Procedures and Approve Break-up Fee, Approve Form And Manner of Notice Of Sale, And Schedule Hearing To Confirm Sale. The Notice of Sale And Opportunity to Bid requires Objections to the Sale Motion to be filed by October 7, 2011 and, therefore, this Objection is timely filed.

7. Pursuant to Section 363(f) of the Bankruptcy Code, the Court may only allow a debtor-in-possession to sell property free and clear of liens if: "(i) applicable non-bankruptcy law permits the sale of such property free and clear of such interests, (ii) such entity consents, (iii) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property; (iv) such interest is in bona fide dispute; or (v) such entity could be compelled, in a legal or equitable proceeding, to accept money satisfaction of such interest."

---

[1] On October 4, 2011, the Trustee filed a Motion to Disburse Net Sales Proceeds to Bank of the Carolinas in Payment of it Junior Liens which, if granted, will reduce the balance owing by the Debtors to Bank of the Carolinas by $522,621.03.

8. Further, Section 363(e) of the Bankruptcy Code expressly provides that the Court, on request of a party in interest, "shall prohibit or condition such . . . sale . . . as is necessary to provide adequate protection of such interest."

9. Bank of the Carolinas objects to the Sale Motion only to the extent Bank of the Carolinas will not be paid in full from the sale. While the Sale Motion expressly states that "[t]he expectation of the Trustee is that the asset sale will generate sufficient proceeds to . . . pay the secured claim held by Bank of the Carolinas . . .", neither the Debtors nor the Trustee have given Bank of the Carolinas sufficient assurances payment in full will occur from the sale.

10. The Sale Motion states a total value of the QEF of approximately $50,400,000 and the purchaser will pay 23%, estimated to be $11,592,000, to purchase the right to receive interest and other earnings from and the reversionary interest in the QEF. While the Sale Motion describes a holdback of approximately $8,500,000 for the benefit of the States to cure disputed escrow arrearage claims, there is no discussion of paying the Bank of the Carolinas from the purchase price allocated for purchase of rights in the QEF. If the Sale does not occur, Bank of the Carolinas would eventually be paid in full with interest from earnings from the QEF over a reasonably short period time.

11. The Sale Motion states a total value of the "Accounts Receivable Amount" is estimated to be $1,100,000. However, the true value is subject to re-calculation based on the amount actually collected within 90 days after the Sale closing. Bank of the Carolinas has a first lien on the Accounts Receivable Amount. It is not clear what amount, if any, will be used to pay the balance owing to Bank of the Carolinas.

12. The Sale Motion states a total value of the "Inventory Amount" is estimated to be $2,000,000. However, the true value is subject to re-calculation based on what the Buyer and Seller later determine to be useable over the course of six months. Bank of the Carolinas has a first lien on the Inventory Amount. It is not clear what amount, if any, will be used to pay the balance owing to Bank of the Carolinas.

13. The Sale Motion allocates $1,400,000 to the "Remaining Purchase Price." It is not clear what amount, if any, will be used to pay the balance owing to Bank of the Carolinas.

14. Bank of the Carolinas is entitled to preservation of its liens rights and objects to the Sale Motion unless the full balance owing to Bank of the Carolinas is paid at closing.

15. For the reasons stated above, Bank of the Carolinas objects to the Sale Motion.

WHEREFORE, Bank of the Carolinas requests the following from the Court:

1. Deny the Sale Motion unless the limited objections raised by Bank of the Carolinas herein are adequately addressed.

2. For a hearing on the Sale Motion and this limited objection.

3. For such other and further relief as to the Court may seem just and proper.

This the 7th day of October, 2011.

        */s/ Paul A. Fanning*
Paul A. Fanning
N.C. State Bar I.D. No.:  025477
E-mail:  paf@wardandsmith.com
For the firm of
Ward and Smith, P.A.
Post Office Box 8088
Greenville, NC  27835-8088
Telephone:  (252) 215-4000
Facsimile:  (252) 215-4077
Attorneys for Bank of the Carolinas

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he has this day served a copy of the attached BANK OF THE CAROLINA'S LIMITED OBJECTION TO THE MOTION TO (A) APPROVE SALE OF SUBSTANTIALLY ALL ASSETS, (B) ESTABLISH BIDDING PROCEDURES AND APPROVE BREAK-UP FEE, (C) TRANSFER ANY AND ALL CLAIMS, LIENS, ENCUMBRANCES AND INTERESTS IN SALE ASSETS TO PROCEEDS OF SALE, (D) APPROVE FORM AND MANNER OF NOTICE OF SALE, (E) ASSUME AND ASSIGN CERTAIN LEASES AND EXECUTORY CONTRACTS, AND (F) SCHEDULE HEARINGS TO ESTABLISH SALES PROCEDURES AND CONFIRM SALE by U.S. mail or electronic noticing as set forth below to the following individuals:

Renegade Holdings, Inc.
Alternative Brands, Inc.
Renegade Tobacco Co.
321 Farmington Road
Mocksville, NC 27028

Mr. John A. Northen
Attorney for the Debtors
Northen Blue, LLP
PO Box 2208
Chapel Hill, NC 27515-2208

Ms. Robyn Whitman
Attorney for the Bankruptcy Administrator
PO Box 1828
Greensboro, NC 27402

Mr. Gerald A. Jeutter, Jr.
Attorney for the Trustee
The Jeutter Law Firm
615 Oberlin Road, Suite 102
PO Box 12585
Raleigh, NC 27605

RJ Lackey
Counsel for CB Holdings, LLC
Woods Rogers PLC
341 Main St., Ste 302
Danville, VA 24541

Michael D. West
Bankruptcy Administrator
101 S. Edgeworth St.
PO Box 1828
Greensboro, NC 27402

Gregory B. Crampton
Counsel for the Settling States, Nicholls & Crampton PA,
3700 Glenwood Ave, Ste 500
PO Box 18237
Raleigh, NC 27619-8237

Richard Maxwell
Counsel for CB Holdings, LLC
Woods Rogers PLC
PO Box 14125
Roanoke, VA 24038-4125

Charles M. Ivey, III
Counsel for PTM Technologies, Inc., Ivey McClellan Gatton & Talcott, LLP
P O Box 3324
Greensboro, NC 27402

Patricia Molteni
Counsel for the Settling States, National Association of Attorneys General
2030 M Street NW, 8th Floor
Washington, DC 20036

| | |
|---|---|
| Mrs. Ashley Rusher<br>Special Counsel for the Trustee<br>BLANCO TACKABERY & MATAMOROS, P.A.<br>P. O. Drawer 25008<br>Winston-Salem, NC 27114-5008 | Walter W. Pitt Jr.<br>Examiner for PTM Technologies, Inc.<br>Bell Davis & Pitt P.A.<br>PO Box 21029<br>Winston-Salem, NC 27120-1029 |
| Mr. G. Thompson Miller<br>Attorney for New Bridge Bank<br>Post Office Box 1657<br>Lexington, NC 27293-1657 | Mr. Gray Wilson<br>Attorney for Calvin Phelps, et al.<br>Wilson, Helms & Cartledge, LLP<br>110 Oakwood Drive, Suite 400<br>Winston-Salem, NC 27103 |

This the 7th day of October, 2011.

          */s/ Paul A. Fanning*_____
          Paul A. Fanning
          N.C. State Bar I.D. No.: 025477
          E-mail: paf@wardandsmith.com
          For the firm of
          Ward and Smith, P.A.
          Post Office Box 8088
          Greenville, NC 27835-8088
          Telephone: (252) 215-4000
          Facsimile: (252) 215-4077
          Attorneys for Bank of the Carolinas

980253-00114
ND: 4823-5305-4475, v. 1