UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| Renegade Holdings, Inc., ) | Case No. 09-50140C-11W |
| Alternative Brands, Inc., ) | Case No. 09-50141C-11W |
| Renegade Tobacco Co., ) | Case No. 09-50143C-11W |
| ) | (Consolidated for Administration) |
| Debtors. ) | |
| ) | |

## MEMORANDUM OPINION

These cases came before the court on October 15, 2014, for a hearing on a Motion for Stay ("Motion") filed pro se by Calvin A. Phelps (Docket #2121). Having considered the Motion, the Response to Motion for Stay filed by the Chapter 11 Trustee, Peter L. Tourtellot (Docket #2147), the reply to the Trustee's response filed by Mr. Phelps (Docket #2156), and other matters of record in these cases, the court finds and concludes as follows pursuant to Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure:

1. The threshold question regarding the Motion is whether Mr. Phelps has standing to bring the Motion. Mr. Phelps describes himself as a "party in interest" in the Motion. This assertion, however, is contrary to the record in these cases and is not accepted.

2. It is generally held in bankruptcy cases that a party whose pecuniary interests will be directly affected by the requested relief is a party in interest and has standing to seek such relief. See Nintendo Co., Ltd. v. Patten (In re Alpex Computer Corp.), 71 F.3d 353, 356 (10th Cir. 1995); Yadkin Valley Bank & Trust Co. v.

McGee (In re Hutchinson), 5 F.3d 750, 756 (4th Cir. 1993). The term "party in interest" is broader than including only creditors since parties other than creditors may have pecuniary interests that would be directly affected in the bankruptcy case. See In re Barnes, 275 B.R. 889, 892-93 (Bankr. E.D. Calif. 2002). However, the term "party in interest" does not encompass entities that are merely concerned with the results of a bankruptcy proceeding. In re Goldman, 82 B.R. 894, 896 (Bankr. S.D. Ohio 1988); In re Morris Publishing Group, LLC, No. 10-10134, 2010 WL 599393, at *4 (Bankr. S.D. Ga. Feb. 10, 2010)("entity without some kind of direct relationship with the debtor, the debtor's property, or the administration of the bankruptcy estate—an entity that is a stranger to the bankruptcy case—is generally not a party in interest"). "Mere interest in the outcome of the proceeding is not sufficient to meet the standard." Id. A further limitation on standing is that a party must assert his own legal rights and interests and cannot rest its claim or motion on the legal rights or interests of third parties. See In re Village Rathskeller, Inc., 147 B.R. 665, 668 (Bankr. S.D.N.Y. 1992); In re Orlando Investors, L.P., 103 B.R. 593, 596 (Bankr. E.D. Pa. 1989).

3. Mr. Phelps fails to qualify as a party in interest. He lacks a direct relationship with any of the Debtors and does not have pecuniary interests that would be directly affected in these cases. Mr. Phelps is not a creditor in these cases. He is not

listed in the schedules as a creditor and has not filed a proof of claim in this case. Nor is he listed as an equity security holder in the schedules or elsewhere in the record for these cases.

4. It is undisputed that Debtors Alternative Brands, Inc. and Renegade Tobacco Company are wholly owned subsidiaries of Renegade Holdings, Inc., the other Debtor in these cases. According to the schedules, the equity security holder of Renegade Holdings, Inc. is Compliant Tobacco Company, LLC, a North Carolina limited liability company, and not Mr. Phelps. This was confirmed by Mr. Phelps in his January 9, 2014 response to the Trustee's motion to dispose of certain of the business records of the Debtors. In that response, Mr. Phelps states: "As shareholder of Renegade Holdings, Inc. et al, Compliant Tobacco Company will take possession of any 2012 and prior books and records as well as electronic records and software and hardware necessary to access them." (Docket #1911). While Mr. Phelps apparently is a member or shareholder of Compliant, he may not ignore the separate existence of Compliant in order to claim standing in these cases.[1] Any interest that Mr. Phelps has in

---

[1] Nor may a filing by Mr. Phelps constitute a valid filing by Compliant since Mr. Phelps is not a licensed attorney. While an individual party to a bankruptcy case or other court proceeding may represent himself or herself, it is well established that a corporation can appear only through a licensed attorney. See Rowland v. Cal. Men's Colony, 506 U.S. 194, 201-02, 113 S.Ct. 716, 721, 121 L.Ed.2d 656 (1993)(stating that "[i]t has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel"). This rule is applicable to all forms of business entities. See id., 506 U.S. at 202, 113 S.Ct. at 721 ("[S]ave in a few aberrant cases, the

these cases as a shareholder or member of Complaint at best is indirect and does not constitute a pecuniary interest that will be directly affected by the outcome of these cases. As such, he is not a party in interest. See <u>In re O.P.M. Leasing Servs., Inc.</u>, 21 B.R. 983, 986 (S.D.N.Y. 1981) ("A stockholder of the parent is not a party in interest [under 11 U.S.C. § 1109(b)] entitled to intervene in the reorganization proceeding of one of its subsidiaries"); <u>In re Century Glove, Inc.</u>, Nos. 90-400-SLR, 90-401-SLR, 1993 WL 239489, at *8 (D. Del. Feb. 10, 1993) (same); <u>In re Royal Props. and Invs., Inc.</u>, 68 B.R. 245, 246 (Bankr. S.D. Fla. 1986) (same); see also <u>Hofheimer v. Gold (In re South State St. Bldg. Corp.)</u>, 140 F.2d 363, 366-67 (6th Cir. 1943), <u>cert. denied</u>, 322 U.S. 761 (1944) (finding that stockholder of a parent

---

lower courts have uniformly held that 28 U.S.C. § 1654, providing that 'parties may plead and conduct their own cases personally or by counsel,' does not allow corporations, partnerships, or associations to appear in federal court" other than through a licensed attorney). See also <u>Harrison v. Wahatoyas, L.L.C.</u>, 253 F.3d 552, 556 (10th Cir. 2001)("[a] corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se"); <u>Tinkers & Chance v. Zowie Intertainment, Inc.</u>, No. 01-1292, 2001 WL 706908, at *1 (Fed. Cir. June 7, 2001)("All artificial entities, such as corporations, partnerships, or associations, may only appear in federal court through a licensed attorney."); <u>Licht v. America West Airlines (In re America West Airlines)</u>, 40 F.3d 1058, 1059 (9th Cir. 1994)("Corporations and other unincorporated associations must appear in court through an attorney."); <u>Runkle v. United States</u>, 962 F. Supp. 1112, 1113 (N.D. Ind. 1997)("Corporations must be represented in court by attorneys admitted to practice . . . [t]he same rule applies to partnerships and other unincorporated organizations." (quoting <u>First Amendment Found. v. Vill. Of Brookfield</u>, 575 F.Supp. 1207, 1207 (N.D. Ill. 1983))).

corporation, who was not a stockholder or creditor of the debtor subsidiary, was not a "party in interest" under the Bankruptcy Act and thus was not entitled to heard in a reorganization proceeding); In re Pennsylvania Cent. Transp. Co., 328 F. Supp. 1273, 1275 (E.D. Pa. 1971), aff'd, 455 F.2d 976 (3d Cir. 1972) (same).

5. "In every federal case, the party bringing the suit must establish standing to prosecute the action. 'In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues.'" Elk Grove Unified School Dist. v. Newdow, 542 U.S. 1, 14, 124 S.Ct. 2301, 159 L.Ed.2d 98 (2004)(quoting Worth v. Seldin, 422 U.S. 490, 498 (1975)). The requirement that a litigant have standing in order to be entitled to seek relief is applicable in bankruptcy cases just as in lawsuits filed in the district court. In re Deist Forest Products, Inc., 850 F.2d 340, 341 (7th Cir. 1988)("The limits on standing are vital in bankruptcy, where clouds of persons indirectly affected by the acts and entitlements of others may buzz about, delaying final resolution of cases."). Since he is not a party in interest, Mr. Phelps cannot meet the requirement of showing that he has standing to bring and prosecute the Motion.

6. Apart from the lack of standing, there is no legal basis for the relief sought in the Motion. The prayer for relief in the Motion is for "the court to stay all further proceedings in this matter until such time as the district [sic] has issued its

final order in the fraud suit I will soon be filing." The grounds listed in the Motion for this extraordinary relief are as follows:

> Trustee Tourtellot has not managed the Debtors in an ethical manner, seemingly heading Debtors towards liquidation on the very day of his trusteeship appointment by the Court;
>
> Tourtellot, in concert with the Defendant States and others, has conspired to defraud Debtors and myself in effort to illegally confiscate the nearly $50.0 million escrow fund owned by Debtors.

7. Even if this alleged misconduct on the part of the Trustee could be shown, such would not be grounds to stay these cases, leaving them to languish while Mr. Phelps seeks relief in another court.[2] No authority has been cited for such relief and no such authority exists.

8. Bankruptcy law obviously does not contemplate that incompetency or misconduct on the part of a bankruptcy trustee is to be countenanced or allowed to continue unchecked. There are avenues for a creditor or other party in interest to follow in order to hold a trustee accountable for such conduct. The

---

[2] This is particularly true where, as here, there are legal impediments to any success in the proposed litigation. The litigation that Mr. Phelps proposes to pursue is a civil action against the Trustee that he has filed in the United States District Court for the Middle District of North Carolina. According to the Motion and Mr. Phelps' reply to the Trustee's response, this litigation is based upon alleged misconduct by the Trustee committed in his official capacity as trustee. It therefore appears that such litigation, as a matter of law, is subject to dismissal for lack of subject matter jurisdiction since it was commenced without seeking authorization from the Bankruptcy Court. See McDaniel v. Blust, 668 F.3d 153 (4th Cir. 2012).

trustee's fees can be challenged or the trustee may be surcharged if the trustee acted in a manner inconsistent with the fiduciary responsibilities of a trustee. See Ford Motor Credit Co. v. Weaver, 680 F.2d 451, 461-62 (6th Cir. 1982). In aggravated cases involving fraud or dishonesty, the trustee can be removed pursuant to section 324(a) which provides that after notice and a hearing, the court may remove a trustee "for cause." The removal of a trustee under such circumstances, however, does not result in a stay or suspension of the bankruptcy case. To the contrary, section 1104(d) provides that a replacement trustee "shall" be appointed if the original trustee dies, becomes disabled or is removed. The administration of the case then continues in the ordinary course with the substitute trustee at the helm. See 11 U.S.C. § 325 ("A vacancy in the office of trustee during a case does not abate any pending action or proceeding, and the successor trustee shall be substituted as a party in such action or proceeding."). With these measures in place, it would make no sense, and would be without any legal basis, to stay these cases indefinitely while Mr. Phelps seeks to pursue reckless allegations of misconduct on the part of the Trustee in another court. The unnecessary delay that would result from such a stay would be highly prejudicial to the creditors and other parties in interest

who do have a direct interest in these cases[3] and also would be contrary to the strong bankruptcy policy that bankruptcy cases be administered efficiently and without unnecessary delay or expense.

10. A disclosure statement and proposed plan of reorganization were submitted by the Trustee and were properly served on creditors and other parties in interest.  The entities and persons that received notice of the deadlines for objecting to the disclosure statement and plan, as well as the date of the confirmation hearing, included Compliant and Mr. Phelps.  The time for filing objections to confirmation of the plan expired and no objections were filed with the court by Mr. Phelps or Compliant.  The confirmation hearing was held as scheduled and the plan (Docket #2113) was confirmed.  The order confirming the plan (Docket #2179) was entered on September 8, 2014.  The confirmation order was duly served on Compliant and Mr. Phelps and on counsel for Mr. Phelps.  There was no appeal of the confirmation order and the confirmation order is now a final and binding order.  Rather than appeal from the confirmation order, Mr. Phelps has filed the Motion.  While the Motion speaks in general terms of staying "all further

---

[3]Upon consummation of the plan that has been confirmed in these cases, $10,500,000 will be received by the estate, which will be used to pay approximately $7,600,000 of administrative expense claims, approximately $700,000 of priority tax claim and a distribution of approximately $725,000 on $2,400,000 of nonpriority unsecured claims.  Further delay would seriously jeopardize the financing required in order for the $10,500,000 to be available for payment into the bankruptcy estate.

proceedings," it is obvious that what Mr. Phelps is really seeking is an order that would prevent the transfer of the Debtors' Qualifying Escrow Fund to a liquidating trust as called for under the plan. In short, Mr. Phelps seeks to prevent the consummation of the confirmed plan despite not having appealed from the order confirming the plan. Such a maneuver is an untimely, impermissible collateral attack on the confirmation order and is an additional reason why the Motion should be denied.

Based upon the foregoing findings and conclusions, the court has concluded that the Motion should be overruled and denied. An order so providing is being entered contemporaneously with the filing of this memorandum opinion.

This 16th day of October, 2014.

_____
WILLIAM L. STOCKS
United States Bankruptcy Judge

## All parties to be served

## Plus additional parties listed below

Calvin A. Phelps
Federal Prison Camp-Beckley
PO Box 350
Beaver, WV 25813

Calvin A. Phelps
Federal Prison Camp-McDowell
101 Federal St.
Welch, WV 24801

Compliant Tobacco Co., LLC
Attn: Lisa Yamaoka
195 Ken Dwiggins Dr.
Mocksville, NC 27028